THE SELMA, ROME AND DALTON RAILROAD COMPANY, plaintiff in error, *vs.* ANN E. LACEY, defendant in error.

WARNER, Chief Justice. 1. Where the widow brings suit in this State for damages resulting from the killing of her husband in the State of Alabama, through the negligence of a railroad company, the Court will be governed by the laws of this State as to the mode of procedure in ascertaining the rights of the parties, but as to what are their rights,

must be determined by the laws of Alabama, where the act complained of was done.

2. The section of the Code of this State which declares that pleadings may be amended, whether in matter of form or of substance, provided there is enough in the pleadings to amend by, properly construed, means, that in order to admit of an amendment, a valid cause of action must be set forth in the original declaration.

3. In a suit by a widow in this State, against a railroad company for the killing of her husband in the State of Alabama, the declaration cannot be amended after the lapse of one year from the alleged killing, for the reason that the statute law of Alabama limits the right to recover damages therefor to one year from the time of the death, and gives the right of action to the personal representative of the deceased.

McCay and Trippe, Judges. Where, by the law of Alabama, the personal representative of a party who is killed by the wrongful act or negligence of another, is entitled to an action for damages therefor, no other person but such personal representative can bring such action in the Courts of this State, when the killing occurred within the State of Alabama. The widow of the party killed cannot, in her own name as such widow, maintain such action.

State. Constitutional law. Comity. Railroads. Amendment. Before Judge HARVEY. Whitfield Superior Court. October Term, 1872.

For the facts of this case, see the decision.

J. E. SHUMATE; PRINTUP & FOUCHE, for plaintiff in error.

J. & J. A. GLENN; D. A. WALKER, for defendant.

WARNER, Chief Justice.

On the first of October, 1870, the plaintiff instituted her action against Barney, superintendent, and Breed, lessee, of the Selma, Rome and Dalton Railroad Company, in the county of Whitfield, in this State, to recover damages for the killing of her husband by the running of an engine and train of cars by said railroad company on the 3d day of August, 1870, near Oxford, in the State of Alabama. The case was tried in the Court below, and brought before this Court by a

writ of error at the July term, 1871, when the judgment of the Court below was reversed, this Court holding and deciding, that the action could not be maintained in the Courts of this State for the injury done within · the territory of the State of Alabama, without an allegation in the declaration that the law of the State of Alabama gave to the plaintiff a right of action to recover there damages for killing her husband by the railroad company: See 43 *Georgia Reports,* 461. When the case was remitted back to the Court below, the plaintiff offered to amend her original declaration by adding a count thereto that her husband was killed by the said railroad company by the negligent running of its engine and cars on its said road, and setting forth the law of the State of Alabama, which authorized her to recover damages from the company for the killing of her husband in that State. The amendment was filed on the 23d day of October, 1871. On the last trial of the case, the defendant filed a special demurrer to the plaintiff's amendment. First, because she does not show thereby any legal cause of action according to the law of the State of Alabama. Second, because there was no original cause of action pending in the Court below, under the decision of this Court, to be amended, that the alleged original cause of action was out of Court, and there was nothing in Court to amend by. The Court overruled the demurrer, and the defendant excepted. The Court then proceeded with the trial of the case, and the jury found a verdict in favor of the plaintiff for the sum of $666 00. A motion was made for a new trial on the several grounds of error alleged therein to the ruling of the Court, which was overruled, and the defendant excepted. By the 2297th section of the Revised Code of Alabama it is declared : "When the death of a person is caused by the wrongful act, or omission, of another, the personal representative of the former may maintain an action against the latter at any time within one year thereafter, if the former could have maintained an action against the latter for the same act, or omission, had it failed to produce death." The 2298th section declares that "the damages re-

The Selma, Rome and Dalton Railroad Company *vs.* Lacy.

ceived in such action cannot exceed three years' income of the deceased, and in no case exceed $3,000 00. The amount recovered is for the benefit of the widow ; if there be none, then for the benefit of the child or children ; if there be none, then to be distributed as other personal property amongst the next of kin of the deceased." The 2300th section declares that, "If such death is caused by the wrongful act, omission, or culpable negligence of any officer or agent of any chartered company, or private association of persons, such company or association are responsible in damages, and an action may be maintained against them, *as provided in the preceding sections.*" Such is the law of Alabama regulating the plaintiff's right to recover damages against the defendant for killing her husband in that State. The right of action is confined to *the personal representative* of the deceased, and although the amount recovered by the personal representative of the deceased is for the benefit of the widow, still she cannot maintain an action for it in her own name. The right of the personal representative of the deceased to recover damages for his death is limited to one year *thereafter.*

In conducting the trial of the case, our Courts will be governed by our own laws as to the mode of procedure in ascertaining the rights of the parties, but as to what are their rights must be determined by the laws of Alabama, where the act complained of was done. The 2920th section of our Code did not give to the plaintiff any right of action against the defendant for killing her husband in the State of Alabama, because it had no extra-territorial operation. The alleged fact in the original declaration, that the defendant killed the plaintiff's husband in the State of Alabama, was no cause of action for which a suit could be maintained under the statute law of this State, and so this Court decided when it sustained the demurrer to the plaintiff's original declaration. A cause of action *defectively* set forth may be amended, but when there is *no cause of action* set forth there is nothing to amend by, and that is what the 3429th section of our Code means when it declares, that pleadings may be amended whether in matter of

form or of substance, provided there is enough in the pleadings to amend by. No amendment adding a new and distinct cause of action shall be allowed, unless expressly provided by law: Code, 3430. The plaintiff had not set forth any cause of action against the defendant in her original declaration, which the Courts of this State could recognize and enforce, under the provisions of our own statute, and consequently there was nothing to amend by. The plaintiff, by her amendment, introduced a new cause of action, given to her by the statute law of Alabama, and asked the Court, in the spirit of comity, to enforce that new cause of action in this State. If the amendment could have been properly allowed, still, there was a fatal defect apparent on the face of the declaration as amended. The husband of the plaintiff is alleged to have been killed on the 3d day of August, 1870. The amendment was not filed until the 23d day of October, 1871—more than one year after the alleged death of her husband; besides, she sued in her own name, and not as the personal representative of her deceased husband. The statute law of Alabama, by which she now seeks to recover damages for the killing of her husband in that State, limits her right to recover damages therefor to one year from the time of his death, and gives the right of action to his personal representative. It is true, that the laws of other States and foreign nations have no force and effect of themselves within this State, further than is provided by the Constitution of the United States, and is recognized by the comity of States, but the Courts of this State will enforce this comity until restrained by the General Assembly, so long as its enforcement is not contrary to the policy or prejudicial to the interests of this State: Code, section 9.

When the Courts of this State voluntarily undertake to enforce the laws of another State in a spirit of comity, they are bound to be governed by them so far as *the rights* of the parties are concerned, who are affected by them—that is to say, the rights of the parties in this case must be measured and controlled by the statute of Alabama, when the Courts of this State voluntarily undertake to enforce it here; and if the

The Selma, Rome and Dalton Railroad Company *vs.* Lacy.

plaintiff's right to sue for damages must be commenced within one year from the death of her husband, as a condition to her right to recover in that State, so the Courts of this State must administer that law here.   Inasmuch, therefore, as the plaintiff could not have maintained her action in her own name for the injury complained of, or have maintained her action for damages in the Courts of Alabama for that injury at the time the amendment was filed (it being more than one year from the death of her husband) neither can she maintain her action therefor in the Courts of this State, and the Court below erred in overruling the demurrer to the plaintiff's amended declaration.

The fatal error of the plaintiff, in the Court below, consists in the assumption that her original action to recover damages for the injury complained of was authorized by the common law, or by the law of nations, which is a part of the common law, whereas, her right to recover the damages sued for was founded on the statute of this State, and that statute being a domestic municipal regulation only, had no extra-territorial operation, and did not afford the plaintiff any cause of action against the defendant for the injury complained of in the State of Alabama.   Whilst it is true, that the Courts of this State will, in a spirit of comity, enforce the statute of Alabama in favor of the plaintiff, so as to enable her to recover damages for the injury done to her there, (the statute of that State not being contrary to the policy or prejudicial to the interests of this State) still, when she does so, she asserts a distinct cause of action arising *exclusively* under the statute of that State, and her rights must necessarily be controlled by it.   In other words, the Courts of this State will administer the law of Alabama just as the Courts of Alabama would administer it, so far as *the rights* of the parties are concerned.   If the plaintiff could not have recovered in the Courts of Alabama for the injury done there at the time the amendment was filed, or in her own name for that injury, then she cannot recover therefor in the Courts of this State.   In administering the law of Alabama for the benefit of the plaintiff, the Courts of this State

must be governed by that law, so far as her rights claimed under it are concerned. In our judgment, the Court below erred in not sustaining the demurrer to the plaintiff's declaration as amended, and in not dismissing the same.

Let the judgment of the Court below be reversed.

McCay and Trippe, Judges, concurring.

Where, by the law of Alabama, the personal representative of a party, who is killed by the wrongful act or negligence of another, is entitled to an action for damages therefor, no other person but such personal representative can bring such action in the Courts of this State, when the killing occurred within the State of Alabama. The widow of the party killed cannot, in her own name as such widow, maintain such action.