MARTIN *vs.* THE GAINESVILLE, JEFFERSON AND SOUTHERN RAILROAD, and *vice versa.*

1. Where suit was brought against a railroad company for damages resulting from the stopping up of a sewer-pipe which carried off water from a "dry well" on the plaintiff's premises and discharged it on the defendant's land, but the declaration failed to show any reason or ground for the exercise of the right to subject the de-

fendant's land to such use, or why the defendant was not entitled to the free and unobstructed enjoyment of its land, or that the plaintiff had an easement either by prescription or by grant from any former proprietor, of which the defendant had notice, no cause of action was set out in the declaration, and it was demurrable.

2. Where the original declaration set forth no cause of action, there was nothing to amend by, and it was error to allow an amendment alleging a right of easement.

(a) The court having erred in allowing the amendment, but having thereafter dismissed the suit, the latter ruling will be sustained.

December 7, 1886.

Pleadings.    Easements.    Actions.    Damages.    Torts. Amendment.    Before Judge ESTES.    Hall Superior Court. August Term, 1886.

Reported in the decision.

W. F. FINDLEY, for plaintiff.

DUNLAP & THOMPSON, for defendant.

HALL, Justice.

This was a suit for damages, resulting from the stopping up of a sewer-pipe carrying off water from a dry well on plaintiff's premises and discharging it on defendant's land. The original declaration failed to allege that plaintiff had a right, either by grant or prescription, to an easement thus to empty the water from the pipe on the land of defendant; the court allowed, over defendant's objection, an amendment to the declaration, averring substantially these facts.    After the amendment was made, on motion of defendant, the suit was dismissed, and to this judgment of dismissal the plaintiff excepted; thereupon the defendant likewise excepted to the decision allowing the amendment to be made; and upon these several rulings, the case is here upon original and cross-bills of exception.

1. The plaintiff, in his original declaration, sets out no reason or ground for the exercise of the right he claimed

to subject the defendant's premises to the use he sought to make of them, and did not show why the defendant railroad company was not entitled to the free and unobstructed enjoyment of the land by appropriating it as appeared expedient,.or why they could not divert from it water thrown thereon by another, who had no prescriptive title or grant to such an easement, and no license from any former proprietor, of which the defendant had notice, allowing such use of the same. A suit containing none of these allegations is fatally defective and sets forth no cause of action, and taking the allegations contained in the declaration, according to a well-settled rule, most strongly against the pleader, it not only sets forth no right to recover, but shows conclusively that the plaintiff should not maintain his action in consequence of the breach of such right. The case made is one of *damnum absque injuria.* Where no right is shown, there can be no remedy for its infringement or obstruction. *Rome Gas-Light Co. vs. Meyerhardt,* 61 *Ga.* 287. See also *Goldsmith vs. Elsas, May & Co.* 53 *Ga.* 186. These cases settle the right of the plaintiff to subject the defendant's premises to the use claimed by him, and show that this right must emanate from one of the sources above mentioned.

2. Inasmuch as the declaration set forth no cause of action, there was nothing on which to graft an amendment, or, as it is expressed in the statute, to amend by, and there was error in allowing it to be made. Code, §3479. The amendment introduced no new and distinct cause of action, but made an action good in law where none had previously existed, and was, in fact, the commencement of a new suit at a time and in a manner directly in the teeth of the statutory provisions and requirements relating to that subject. Code, §3480. Upon the right to amend this declaration, the cases of the *Selma, Rome and Dalton Railroad Co. vs. Lacey,* 49 *Ga.* 106, and *Bell vs. The Central Railroad Co.,* 73 *Ga.* 520, are directly in point and determine that the right does not exist. This error, however, makes the judg-

ment dismissing the suit right, and the exception thereto must be overruled. The exceptions to the decision complained of in the cross-bill of defendant must be sustained, and that judgment is reversed. There can be no rehearing of this case, and therefore we direct and order that the judgment dismissing the suit be affirmed.