McELHANNON *v.* THE FARMERS ALLIANCE WAREHOUSE AND COMMISSION COMPANY.

A declaration in trover for the recovery of " three thousand five hundred dollars lawful money of the United States," is too vague and indefinite in its description of the property sued for, and ought to have been dismissed on demurrer thereto.

March 18, 1895. Brought forward from the last term. Code, §4271(a–c).

Bail-trover. Before Judge COBB. City court of Clarke county. March term, 1894.

LUMPKIN & BURNETT, for plaintiff in error.
JOHN J. STRICKLAND, *contra*.

ATKINSON, Justice.

This was a suit for the recovery of personal property under the form of action prescribed by section 3390 of the code. The action provided for by this section of the code combines some of the characteristics of both the old common law actions of trover and detinue, and may be made the basis for the recovery, either of damages · as for a conversion, or for the recovery of a particular chattel alleged to be detained. At common law the action of trover was not designed for the recovery of the specific chattel, but was designed as an action for the recovery of damages for the thing alleged to have been converted. The action of detinue was an action for the recovery of the specific article detained, and damages could be therein awarded as well for the detention as for the article which was thus detained. But the latter action proceeding wholly upon the idea that the person against whom the suit was brought was lawfully in the possession of the goods, much inconvenience arose, and the action of trover became substituted to a very great

extent for this particular action.  It was the evident purpose of the General Assembly, in prescribing the form of action now under consideration, to combine, as far as possible, the features both of an action of detinue and of trover.  It allows the plaintiff to bring his action in that form, and upon the trial, make his election to recover either the specific article sued for, or its value and hire,—the former being technically what he would be entitled to recover in an action of detinue, and the latter being the verdict which would have been made in a common law action of trover.  If the election precede the trial of the cause, and the plaintiff should demand in advance a restitution of the specific article, this may be and is done when he elects to sue out a bail process in aid of his action to recover personal property.  It is true this antecedent election does not commit the plaintiff irretrievably to the acceptance of the specific property sued for, in satisfaction of his demand.  He is entitled nevertheless, at the trial, under section 3028 of the code, to make his final election of a verdict in the alternative; but the prayer for the seizure of the specific article does so far commit him to this object designed to be accomplished by the suit, as to require him to plead with such particularity as will enable the court to give effect to any decree which might be rendered in accordance with the prayer of his declaration.  The action of trover lies generally for the recovery of personal chattels, or their value, which have been converted illegally by another; but inasmuch as the purpose of the action is not so much to recover the specific chattels as to recover damages as for a conversion, the same particularity of description is not essential to the maintenance of that action as is requisite to the maintenance of an action of detinue.  If, however, the action for the possession of personal property provided for by the section of the code referred to be one designed rather to recover

the specific chattels than damages for a conversion, and this design of the pleader be evidenced by supplementing his action with a bail proceeding, substantially the same rules of pleading prevail as would have applied to the common law action of detinue, in so far at least as the same require a particularity in description of the thing sued for. In that action it was essential that the goods be described with such particularity as would enable the court to seize them and make restitution to the owner. In the action now under consideration, it is necessary that in the action itself and the bail proceeding the goods be described with such particularity as will enable the court to seize the chattels for which the action is brought, and hold them for restitution in the event of final recovery by the plaintiff. In the old action of detinue, it was early held that the action would not lie for a given quantity of money or corn generally, or any other article of like character, for the reason that such money or corn was incapable of being distinguished from any other money or corn; but if the action be for money or corn in a bag or sack, then, the bag or sack being itself capable of identification, the court would be enabled to distinguish thereby the particular goods for the recovery of which the action was brought. See Coke upon Littleton, 286; Blackstone's Commentaries, book 3, p. 152. We think the same principle exactly applicable to the form of action employed in this case, where supplemented by the bail proceeding it becomes an action for the recovery of specific chattels. The test of the sufficiency of such a declaration is and should be, is the description of the chattels sued for so definite and distinct as to enable the court to seize them for restitution to the owner? If it is not, then clearly the court should not proceed to judgment; for it would be a useless thing for the court to decree an act the performance of which it would not have the power to compel. The

action in this case, as set out in the declaration, was
brought for the recovery of "three thousand five hun-
dred dollars lawful money of the United States." This
property was alleged to have been in the possession of
the defendant, bail process was sued out thereon, and a
seizure of the property ordered.   There was no mark
of identity by which this money sued for could possibly
be distinguished from any other money of like charac-
ter.    There was no outward token by which the officer
charged with seizing the money described in the bail
proceeding could distinguish that from any other money
which the defendant might have had in his possession.
It would, therefore, have been fruitless to have permitted
the prosecution of an action which, upon its ultimate
termination, must have been utterly barren of results.
The plaintiff prayed for the restitution of his property,
and at the same time, upon the face of his declaration,
by a failure to properly describe the chattel sued for,
alleged an utter inability upon the part of the court to
grant the prayer of his petition.    The declaration is
equally unsatisfactory when treated as an ordinary action
of trover, without bail proceeding.    The section of the
code to which we have hereinbefore referred simply pre-
scribes that the form of action therein stated may be
used for the recovery of personal property. This statute
made the form sufficient, whatever opinion might have
prevailed previous to its passage as to the necessity of
technical pleading.   But it does not authorize the dis-
regard of those principles of pleading which require
that the substance of the action should be stated with
such reasonable particularity as will enable the defend-
ant to prepare his defense.   Hence it is necessary that
there be some description of the property alleged to have
been taken from the possession of the plaintiff.   The
minute particularity necessary to the maintenance of a
bail-trover proceeding is not vitally essential to the main-

v 95-43

tenance of an ordinary action of trover. In the former case the necessity for minute description proceeds from the nature of the relief sought. It the latter case, the requirement of particularity of description proceeds from a necessity that the plaintiff will plainly and distinctly set forth his cause of action, to the end that the defendant may know upon what account the plaintiff makes his demand. If the action for the recovery of personal property under the section of the code now under review be designed to recover the value of the goods rather than the goods themselves, and they be incapable of exact or even approximate identification by the owner, he must allege a taking under the general description and the circumstances of the conversion or such other circumstances as may exist, with such circumstantiality as to supply the want of a more accurate description. A plaintiff is not necessarily cut off from a recovery of money or other article of like character by means of the form of action set forth in this section of the code, because simply of his inability to remember the particular bills and pieces of money converted, but he may supplement the general description with such circumstances of the taking as will serve to put the defendant upon notice of the nature of his demands. In the declaration before us we are uninformed as to when or how or under what circumstances the plaintiff lost possession of his money. Without being able to describe the particular money, he simply says that it is in the possession of the defendant. By the very terms of the form of action prescribed by the code, a description of the property is necessary; and we think that description must be by reference either to some of the substantial characteristics of the chattel itself, or by such reference to the circumstances attendant upon its conversion as will serve to inform the defendant to what he is called upon to make answer. The declaration was

demurred to upon the ground that there was no identification by the declaration of the chattel for which the plaintiff brought his action, and no such description of a cause of action as would enable the plaintiff to maintain his suit. . There was no offer to amend in any particular the declaration. The court overruled the demurrer and declined to dismiss the action; and inasmuch as we have seen that, treating this either as a suit for the recovery of damages as for a conversion, or as a suit for the recovery of the specific chattel, the declaration was wholly insufficient, the judgment of the court was erroneous, and is accordingly                                Reversed.