.FARMERS ALLIANCE WAREHOUSE & COMMISSION COMPANY *v.* McELHANNON.

The plaintiff's original declaration in bail-trover for the recovery of "three thousand five hundred dollars lawful money of the United States" having been amended so as to describe the property sued for as "lawful money of the United States, consisting of one hundred silver certificates of five dollars each, one hundred and fifty national bank notes, known as national currency, each for ten dollars, and seventy-five treasury notes of the United States, each for the sum of twenty dollars," and it also now for the first time appearing to this court that the defendant

had given bond in terms of the law for the forthcoming of the property sued for, it was error, although the amendment was not verified by affidavit, to sustain a demurrer to the declaration as amended and dismiss the plaintiff's action.

May 4, 1896.    Argued at the last term.

Bail-trover.    Before Judge Cobb.    City court of Athens. March term, 1895.

*J. J. Strickland, T. S. Mell* and *J. D. Mell*, for plaintiff.    *Lumpkin & Burnett*, for defendant.

SIMMONS, Chief Justice.

The plaintiff's original declaration described the property sued for as "three thousand five hundred dollars lawful money of the United States." This we held was too vague and indefinite in its description of the property. (95 *Ga.* 670.) The plaintiff afterwards amended the declaration so as to describe the property as "lawful money of the United States, consisting of one hundred silver certificates of five dollars each, one hundred and fifty national bank notes, known as national currency, each for ten dollars, and seventy-five treasury notes of the United States, each for the sum of twenty dollars." The declaration as amended was demurred to on the ground that the description of the property sued for was insufficient, and upon the ground that the amendment was not sworn to; and the court sustained the demurrer and dismissed the declaration.

We think the court erred in sustaining the demurrer. The description is sufficient to identify the property if found in the defendant's possession. Each particular class of bills or notes is described, the denominations of each class are given, and the number of bills or notes of each denomination. If this description is not sufficient, it would be a rare case in which money could be recovered in an action of trover, for few people who handle money remember the particular bank which issued it or the number of each particular bill or note; indeed few persons ever look at the name of the bank or the number of the bill or

note; and in these busy days of commerce few persons keep their money in bags, so that it can be identified in that manner. If the sheriff upon attempting to make a seizure of the property described in the writ should find in the defendant's possession 100 silver certificates of five dollars each, 150 national bank notes of $10 each, and 75 treasury notes of $20 each, lawful money of the United States, he would be justified in taking possession of the same. See on this subject: 26 Am & Eng. Enc. of Law, Trover, pp. 804-806; Graves v. Dudley, 20 N. Y. 79; Dows v. Bignall, Hill & Denio Sup. (N. Y.) 407; Receivers of Bank of New Brunswick v. Neilson (N. J.), 29 Am. Dec. 691; Bac. Abr. Trover F., Bull. 37. Moreover, by giving bond for the forthcoming of the money, the defendant admitted that he had in his possession money answering to the description. As to the objection that the amendment was not verified, there is no law in this State which requires a petition in an action of trover to be verified by the oath of the plaintiff, and there was none at the time this amendment was filed which required such an amendment to be verified.

*Judgment reversed.*