## COOKE *v.* BRYANT.

1. An action of trover for the recovery of money must be based on a legal obligation upon the part of the defendant to deliver specific money to the plaintiff. Such an action can not, therefore, be maintained to recover a

sum of money agreed upon by the plaintiff and defendant in a settlement of their partnership business, as an amount owing by the latter to the former from the assets of the firm then in hand.

2. A suit in trover founded upon such a settlement as above mentioned, although the petition alleges that the sum was set aside to the plaintiff, but was then and continued to remain in the possession of the defendant, is demurrable; it not appearing that there ever was any specific sum of money in bills, coin, or other currency, which the plaintiff was ever able to identify as the particular fund set aside in the settlement.

Argued February 10, — Decided March 24, 1898.

Trover.　Before Judge Felton.　Bibb superior court.　April term, 1897.

Cooke brought his action against Bryant for the recovery of certain personal property, and made an affidavit to require bail. The declaration described the property as "six hundred and fifty-six dollars and seventy-seven cents of lawful money of the United States of America, which said [defendant] had in his possession as bailee of petitioner; he and petitioner being engaged in the cotton business in the city of Macon . . as partners." The declaration alleged that this sum of money the defendant, on or about March 4, 1897, after the dissolution of the partnership between him and plaintiff, unlawfully detained from plaintiff, and retains from plaintiff and converts to his own use, against the repeated demand of plaintiff to deliver the same; that said property is of the value of $656.77; and that plaintiff claims title to it, and defendant refuses to deliver it to plaintiff, or to pay him the profits thereof, though requested so to do. The defendant gave bond with security for the forthcoming of the property described in the declaration (being the eventual condemnation bond required by the statute), and filed a general demurrer to the declaration. The plaintiff then amended the same by striking out the words, "as bailee of petitioner," and adding, that said sum of money was plaintiff's, and was converted under these circumstances: On or about September 1, 1896, plaintiff and defendant entered into a partnership in the cotton business, with their headquarters in the city of Macon, and plaintiff placed $500 into the capital assets of the firm, and into the custody and possession of defendant, who, under the terms of the partnership contract, had

active charge of all the assets and business of the firm. By the terms of the partnership plaintiff was entitled to one third of the profits of the business of the firm. On or about February 26, 1897, plaintiff gave defendant notice, under the terms of the partnership contract, to dissolve the partnership, and on or about March 1, 1897, the partnership was dissolved in accordance with the terms of the contract and notice. On the last-named date, at the place aforesaid, plaintiff and defendant divided the money assets of the firm, and at the same time and place there was set apart, of said money assets, to plaintiff by defendant, as plaintiff's share thereof, which was then in possession of defendant, and which remained in defendant's possession after the division, $756.77 in lawful money of the United States, $500 of the same being in lieu of the original $500 placed in the firm's assets as aforesaid by plaintiff, and the remaining $156.77 being plaintiff's share of the profits earned by the firm up to the time of the dissolution; and after said sum of money was so set apart it remained in the custody of defendant, by consent of plaintiff, till on or about March 4, 1897, when plaintiff demanded said sum of money from defendant, who then refused to deliver the same to plaintiff, and unjustly detained and still detains it from plaintiff against plaintiff's demand, title and right of possession and use of the same.

Upon the hearing the plaintiff contended that the defendant, by giving the bond for the forthcoming of the property sued for, and as described in the declaration, was estopped to object by his demurrer to any insufficiency of description of the property, he having thus admitted that the property was in his possession. The court sustained the demurrer; and the plaintiff excepted.

*Marion W. Harris*, for plaintiff.
*Baxter & Reid*, for defendant.

LEWIS, J. The action of trover is based upon the title of the plaintiff in the suit to specific property sought to be recovered; property of which he had possession, or the right of possession. There should be in the petition for its recovery such a descrip-

tion of the thing sued for as will enable the officer of court to readily identify it when required by process or judgment of the court to seize the property.  An obligation to pay money can not be enforced by an action of trover to recover a definite amount of money. generally; the remedy being an ordinary action of debt.  Hence it was held in the case of *McElhannon* v. *Farmers Alliance Warehouse & Commission Co.*, 95 *Ga.* 670, that "A declaration in trover for the recovery of 'three thousand five hundred dollars lawful money of the United States,' is too vague and indefinite in its description of the property sued for, and ought to have been dismissed on demurrer thereto."  Justice Atkinson, in delivering the opinion in that case, said :  "It was the evident purpose of the General Assembly, in prescribing the form of action now under consideration, to combine, as far as possible, the features both of an action of detinue and of trover."  And again on page 672 he said :  "In the old action of detinue, it was early held that the action would not lie for a given quantity of money or corn generally, or any other article of like character, for the reason that such money or corn was incapable of being distinguished from any other money or corn ; but if the action be for money or corn in a bag or sack, then, the bag or sack being itself capable of identification, the court would be enabled to distinguish thereby the particular goods for the recovery of which the action was brought."  Citing Coke upon Littleton, 286 ; 3 Blackstone's Commentaries, 152.  And added, " We think the same principle exactly applicable to the form of action employed in this case, where supplemented by the bail proceeding it becomes an action for the recovery of specific chattels."  The case above cited was again brought to this court, and is reported in 98 *Ga.* 394.  It is true that our present Chief Justice, in delivering the opinion in that case, stated as an additional reason why the court erred in dismissing the plaintiff's action, that by giving bond for the forthcoming of the money the defendant admitted that he had in his possession money answering to the description ; but the plaintiff had so amended his petition as to give a more definite description of the money sued for, stating in his amendment the number and particular character of the bills

sued for, and the denomination of each. We are not prepared to hold, even in the light of this decision, that the giving of the bond required of a defendant in an action of bail-trover cures the declaration of a defect that grows out of an entire failure to give any description whatever of the specific money sued for; nor do we think that even the opinion in the last case cited goes to this extent. It is true that a bond is given for the forthcoming of the property, but it is simply an eventual condemnation bond, and one which the defendant is required to give, should he fail to deliver the property, or else he must go to jail. In many instances where one has a right to recover specific money, it may be impossible for him to remember the number of the bills or coin and the denomination of each, but the declaration should at least show some facts by which the property can be identified as the particular article sued for. It should also appear from the petition in trover that there was some specific money, either in certain bills or coins, to which the plaintiff had title, and not simply that he had a right to recover a certain amount of money generally.

In 26 Am. & Eng. Enc. L. 766, the rule is succinctly stated as follows: "Trover lies for the conversion of money, when there is an obligation on the part of the defendant to return specific coin or notes entrusted to his care." In the note to that text, supported by a number of authorities cited, appears the following statement: "The test seems to be: is there any obligation on the part of the defendant to deliver specific money to the plaintiff? A servant who receives a sum of money from his master, which he converts, is liable in this form of action, because the law imposes upon him the duty of returning the money in specie. Of course the action is always maintainable where the defendant unlawfully took the money in dispute out of the possession of the plaintiff. . . A recent text-writer makes the question depend upon whether the same state of facts would also support a charge of larceny;—if so, there is also a conversion." Quoting from one of the other authorities cited, the author further says: "The present count states, that the defendant had and received to the use of the plaintiff a certain sum of money, to wit ten shillings, to be paid to the plaintiff,

but which the defendant converted to his own use. It is contended that this is a count in trover. Now the action of trover is only maintainable for specific property. It will lie for so many pieces of gold and silver, and in that case a defendant can only redeem himself by tendering to the plaintiff the same specific pieces. But in this case he clearly might do so by returning an equal sum of money. There is, therefore, not merely a want of certainty in the count, but it states that which is not the subject of an action of trover at all. The demurrer must, therefore, be allowed." Applying these principles to the case we are now considering, we think there is an utter failure in the declaration as amended to sustain an action of trover. It does not appear from the allegations in the petition that there ever was a time when the plaintiff could identify any specific bills or coin as his property. It is true he says that the money assets of the firm were divided between him and the defendant, and that there was set aside to him out of these assets a certain fund; but he does not allege that there were ever any particular bills delivered to him or counted out to him, and that he returned them to the defendant purely upon deposit, or for safe-keeping, to be delivered to him on demand. On the contrary, he alleges that the defendant, at the time of this partnership settlement, was then in possession of the money sued for, and that the same remained in his possession after the division. A fair construction of the declaration is, that the plaintiff and defendant as copartners agreed upon a dissolution and a division of the assets of the firm, and in that settlement it was agreed that the plaintiff was entitled to a certain amount of the money assets. The obligation growing out of this settlement could have been discharged by the payment of any lawful currency of the United States, whether it constituted a part of the assets then in hand or not. This seems to us, therefore, to be an action of trover simply for the recovery of a money demand, or an indebtedness growing out of the settlement of a partnership business. This remedy was never intended for such a case, and we think the court committed no error in dismissing the petition upon demurrer.

*Judgment affirmed. All the Justices concurring.*