## McLENNAN *v.* LIVINGSTON *et al.*

This being an action of trover in which bail was required, and the declaration not containing such a description of the property as to make the same capable of identification and seizure, there was no error in dismissing the case on demurrer. That the plaintiff has a right at the trial to elect to take a verdict for damages in lieu of the property sued for does not in such a case relieve him from the necessity of describing the property so that the same can be identified and seized.

Submitted May 17, — Decided July 24, 1899.

Bail-trover. Before Judge Smith. Telfair superior court. October term, 1898.

*D. C. McLennan*, for plaintiff. *Eason & McRae*, for defendant.

COBB, J. The plaintiff brought an action of trover, alleging in his petition that the defendants were in possession of

certain personalty belonging to him, and described as "two hundred and seventy dollars in lawful money of the United States. . . Also, thirty dollars in lawful currency of the United States, the same being two ten-dollar bills and two five-dollar bills." It was further alleged that two hundred and seventy dollars of this money was deposited in a bank to the credit of J. I. Tharp, and, on September 3, 1898, checked out to the defendant Livingston and deposited with him as bail on a warrant charging Tharp with seduction, that the money was, on September 5, 1898, collected from the bank by Livingston and delivered into the custody and control of Eason, who holds the money for Livingston. The thirty dollars was paid to Livingston by one Rowland as the balance of the bail on the warrant above referred to, and to pay off a mortgage given by Tharp for that amount. The entire three hundred dollars was delivered to Livingston as constable making the arrest on the warrant above mentioned. The thirty dollars was also turned over to Eason, who holds the same for Livingston. It was further alleged that the money was the property of petitioner, and that defendants refused to deliver it to him. There was filed with the petition the affidavit required by law when the plaintiff desires the defendant to give bail. The defendants demurred to the petition, upon the ground that there was no such description of the money sued for as would entitle the plaintiff to recover the same in an action of trover. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

In the case of *McElhannon* v. *Warehouse Company*, 95 *Ga.* 670, it was held that "A declaration in trover, for the recovery of 'three thousand five hundred dollars lawful money of the United States,' is too vague and indefinite in its description of the property sued for, and ought to have been dismissed on demurrer thereto." Justice Atkinson in the opinion, referring to the requisites of a declaration in trover when bail is sought, says: "The test of the sufficiency of such a declaration is, and should be, is the description of the chattels sued for so definite and distinct as to enable the court to seize them for restitution to the owner? If it is not, then clearly the

court should not proceed to judgment; for it would be a useless · thing for the court to decree an act the performance of which it would not have the power to compel." The case just referred to came before this court a second time (98 *Ga.* 394), when it appeared that the declaration had been amended so as to describe the property as "lawful money of the United States, consisting of one hundred silver certificates of five dollars each, one hundred and fifty national bank notes, known as national currency, each for ten dollars, and seventy-five treasury notes of the United States, each for the sum of twenty dollars;" and it was then held that as it appeared that the defendant had given bond in terms of the law for the forthcoming of the property sued for, it was error to sustain a demurrer to the declaration as amended. That part of the declaration in the present case which described the property as "two hundred and seventy dollars in lawful money of the United States," is clearly too indefinite, under the ruling first above referred to; and the additional averments do nothing to aid this indefinite description; for while they are, in effect, that the money deposited in bank by Tharp was the money of the plaintiff, it is not alleged that the money received by Livingston was the identical money that was deposited. On the other hand, the contrary might be inferred from the averment that Livingston received a check, which was paid by the bank, presumably in due course of business, two days after the check was drawn. That part which describes the property as "thirty dollars, in lawful currency of the United States, the same being two ten-dollar bills and two five-dollar bills," when taken in connection with the other averments, makes a description somewhat more definite than the other; but it is still too general in its terms to satisfy the rule laid down in the decision to be followed in cases where bail is required. . This description is not nearly so definite as that in the case in the 98 *Ga.* Even if there had been a bond given, which if a fact does not appear, we do not think the description sufficient to maintain the action. .

It was contended, however, by counsel for the plaintiff in error, that. as the plaintiff had a right at the trial to elect to recover either the specific property or damages in lieu thereof,

the description was sufficient to authorize him to recover a money verdict, although it might not be sufficient to warrant a recovery of the property. This same contention was made in the *McElhannon* case in the 95 *Ga.*, where it was distinctly held that when bail is required the description of the property must be such as to make it capable of identification and seizure. While it is there suggested that when bail is not required a more liberal rule might be applied, that question was not involved in that case, nor is it involved in the present case. There was no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concurring.*