## 1452. COLLINS *v.* WEST.

POWELL, J. 1. In an action of bail-trover, the petition must definitely identify the property by a particular description, or by a general description coupled with such additional allegations as to the time and place or manner of the taking or conversion as plainly to isolate the thing sued for from the general class to which it belongs. *McElhannon*

v. *Farmers Alliance Warehouse Co.,* 95 *Ga.* 670 (22 S. E. 686) ; *McLennan* v. *Livingston,* 108 *Ga.* 342 (33 S. E. 974).

2. The only description of the property being "seventy-five bushels of corn in the shuck, of the value of fifty-two and 52/100 dollars—said corn raised on the Culpepper place," it was not sufficient to be the basis of bail-trover; and the court erred in not dismissing the action, on demurrer.

3. The defendant demurred to the petition, the court overruled the demurrer, the defendant preserved exceptions pendente lite to the ruling, the case proceeded to trial and resulted in a verdict in favor of the plaintiff, the defendant moved for a new trial, but the motion was dismissed on the ground that the brief of the evidence was not filed within the time prescribed; the plaintiff filed his main bill of exceptions within due time, excepting to the dismissal of his motion and assigning error upon his exceptions pendente lite. *Held,* that the court will pass upon the questions presented by the exceptions pendente lite, irrespective of whether the court's action on the motion for a new trial was proper or improper. The court having erroneously overruled the demurrer, the whole trial that followed was a nullity. See *Lyndon* v. *Ga. Ry. & Elec. Co.,* 129 *Ga.* 353 (58 S. E. 1047). *Judgment reversed.*

Bail-trover, from city court of Camilla—Judge Scaife. September 1, 1908.

Submitted December 10, 1908.—Decided January 27, 1909.

*R. J. Bacon,* for plaintiff in error.

*A. S. Johnson, R. B. Odom, Bennet & Cox,* contra.