### 12539.   SPARKS & HUDSON *v.* FORT *et al.*

HILL, J. A petition in trover describes the property in the possession of the defendants as " twenty-five hundred dollars in lawful money which was deposited with said defendants, it being the said twenty-five hundred dollars which was delivered to said defendants by petitioner on or about the 5th day of November, 1919, and to be returned to your petitioner when said defendants [?] should request the same," and alleges that

"the said defendants converted said money and have failed and refused to deliver said money to your petitioners on demand," and "refuse to pay the hire thereof, which is seven per cent. per annum from the time of the conversion." A further description of the property was added by amendment, as follows: "twenty-five hundred dollars in lawful money of the United States and legal tender for all debts on the 2nd day of April, 1920, and said property, to wit, twenty-five hundred dollars, was and is the said sum of twenty-five hundred dollars which went into the possession of the defendants named in this suit on the 5th day of November, 1919, and was by the defendants to be deposited in the Farmers State Bank, located in Lumpkin, Georgia, and to be returned to plaintiffs after 90 days from November 5, 1919, when called for by the plaintiffs; and plaintiffs aver that the same was deposited in the Farmers State Bank, which the said defendants agreed to do." *Held*:

1. The description of the property for which a recovery is sought is too vague and indefinite, and the judgment sustaining a demurrer on this ground was proper. *McElhannon* v. *Farmers Alliance Warehouse Co.*, 95 *Ga.* 670 (22 S. E. 686), s. c. 98 *Ga.* 394 (25 S. E. 558).

2. In an action of trover it is essential that the property sought to be recovered be described with such particularity as will enable the court to seize it and make restitution in the event of recovery. *McElhannon* case, supra; *Cooke* v. *Bryant*, 103 *Ga.* 727 (30 S. E. 435).

3. In an action of trover "the petition must definitely identify the property by a particular description, or by a general description coupled with such additional allegations as to the time and place or manner of the taking or conversion as plainly to isolate the *thing sued for from the general* class to which it belongs." *Collins* v. *West*, 5 *Ga. App.* 429 (63 S. E. 540) ; 26 Am. & Eng. Enc. Law, 804, 806.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED AUGUST 3, 1921.

Trover; from Stewart superior court — Judge Littlejohn. April 22, 1921.

*Charles W. Worrill, George Y. Harrell,* for plaintiffs.

*Frank A. Hooper & Son,* for defendants.

