## 21604. INTERSTATE LIFE & ACCIDENT CO. v. LEWIS.

DECIDED SEPTEMBER 4, 1931.

*Henry G. Howard, William M. Howard,* for plaintiff in error.

*Henry J. Fullbright Jr., Fullbright & Burney,* contra.

LUKE, J. Grant Lewis brought an action in the city court of Waynesboro against Interstate Life & Accident Company to recover $294 on a policy of insurance written on the life of Hattie Anderson. After setting out facts showing jurisdiction of the court, the petition alleges that the plaintiff is the beneficiary in said policy; that Hattie Anderson died; that proper proofs of death were duly furnished the defendant; that demand for payment of the claim was made, and the insurer refused to pay said claim for more than sixty days from the date of such demand; and that a copy of the material parts of the policy is attached to the petition. The policy of insurance contains this stipulation: "This policy shall not take effect if the insured die before the date hereof, or if on such date and at the time of delivery of the policy and the payment of the premium, the insured is not in sound health, but in either event the premium paid hereon, if any, shall be returned."

The defendant filed a written motion to dismiss the petition "because it fails to allege that at the time the policy was delivered and the first premium paid the insured was in good health." To meet this defect the plaintiff offered to amend by alleging that "the policy in suit was delivered to the insured, Hattie Anderson, at a time when she was in sound health, and that the first premium and all other premiums that have been due have been paid." The court then rendered the following judgment: "The within amendment is allowed over the objection of the defendant to the effect that the original petition does not contain any cause of action and can not be amended." The record is somewhat vague as to the further proceedings in the case, but it would appear that after this amendment was allowed, the motion to dismiss was renewed and overruled, and that this ruling was excepted to. At any rate, counsel for both sides treat the allowance of the amendment as the controlling question in the case; and it is. Upon the trial of the case the jury found for the plaintiff.

Under the decision in *Volunteer State Life Insurance Co.* v. *McGinnis,* 29 *Ga. App.* 370, 371 (115 S. E. 287), and cit., the petition in the present case was fatally defective prior to its amendment as indicated above. With the amendment allowed, the petition was clearly not subject to the motion to dismiss. The question then is: Was there enough in the original petition to amend by? The amendment under consideration is one of substance. In the leading case of *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691 (5) (13 S. E. 809), this language appears: "But when the amendment needed is one of substance itself, 'enough to amend by' does not mean the same as 'enough to be good in substance without amendment.' On the contrary, failing to be good in substance is generally the reason why amendment of substance is needed." In that case Chief Justice Bleckley, speaking for the court, lays down the following rule (p. 714): "From what has been said, it is apparent that nothing less is enough to amend by in matter of substance in respect to the cause of action than a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause; and that when all these elements are in the declara-

tion, there is enough to amend by." Another interesting case dealing with the question of amendments is *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318). In the case of *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712, 715 (59 S. E. 804), Justice Lumpkin, speaking for the court, sums up the question of amendments in language which is as pertinent now as it was when written. That distinguished jurist wrote: "This whole question of amendment has been so thoroughly discussed in *Ellison* v. *Georgia R. Co.,* and *City of Columbus* v. *Anglin* [supra], that little more can be done than to cite and apply those decisions. There are cases in which rulings have been made not in harmony with the two just cited. But, speaking in general terms, they may be divided into two classes,—those which preceded the *Ellison* case and were overruled by it, and those which came after it and were overruled by the *Anglin* case. And now the rule has been crystallized into a section of the code. We have no disposition to wander again, certainly not intentionally, from a rule which looks to substance more than to mere form, which treats amendment as 'a resource against waste,' where there is enough to amend by, and which has in view the practical administration of justice rather than the dialetical niceties of ancient pleading." Under the Civil Code (1910), § 5681, the petition may have been amended in form or substance, provided there was enough in the pleading to amend by. Section 5682 reads: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Of course, "No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed unless expressly provided by law." Civil Code (1910), § 5683. How closely section 5682, supra, follows the rule laid down by Bleckley, C. J., in the *Ellison* case, appears from a casual comparison of the two.

The following ruling in *Georgia Farmers Fire Ins. Co.* v. *Tanner,* 34 *Ga. App.* 809 (131 S. E. 191), is planted squarely upon code

section 5682, supra, and the *Ellison* and *Anglin* cases: "Assuming that the petition in a suit by the insured to recover under a fire-insurance policy fails to allege facts sufficient to show a cause of action, in that it fails to contain any allegation showing that the insured had any insurable interest in the property, such omission may be supplied by amendment."

Under the foregoing authorities, we hold that the trial judge properly allowed the amendment to the petition and overruled the motion to dismiss.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of sickness.*