### 21753. TURNER v. PLOTTEL et al.

BELL, J. 1. In an action of bail-trover, the petition must contain such a description of the property as to make it capable of identification and seizure. *McElhannon* v. *Farmers Alliance Warehouse Co.*, 95 *Ga.* 670 (22 S. E. 686); *McLennan* v. *Livingston*, 108 *Ga.* 342 (33 S. E. 974); *Collins* v. *West*, 5 *Ga. App.* 429 (63 S. E. 540).

2. A description of the property as an "assortment of raincoats," followed by a list of 23 coats, each of a different lot number and each of a "price" stated, was a compliance with the foregoing rule. *Farmers Alliance Warehouse Co.* v. *McElhannon*, 98 *Ga.* 394 (25 S. E. 558); *Harper* v. *Richards*, 120 *Ga.* 379 (47 S. E. 899); *Hicks* v. *Walker Brothers Co.*, 31 *Ga. App.* 395 (2 *b*) (120 S. E. 694).

3. Where a trover suit is defective only because there is no allegation of title or of right of possession in the plaintiff, this defect may be cured by amendment. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (5, 6, 7) (13 S. E. 809); *Dunn* v. *Freeman*, 24 *Ga. App.* 504 (101 S. E. 393).

(*a*) Nothing to the contrary was ruled in *Carter* v. *Vinson*, 17 *Ga. App.* 469 (87 S. E. 692).

(*b*) The decision in the case of *Selma, Rome &c R. Co.* v. *Lacey*, 49 *Ga.* 106 (2), holding that in order to admit of an amendment a valid cause of action must be set forth in the original declaration, was necessarily overruled by the decision in the *Ellison* case, supra. This is true for the reason that the decision in the case last mentioned. expressly overruled *Martin* v. *Gainesville &c. Railroad*, 78 *Ga.* 307, as well as "any and every other case" in conflict with the rulings then made, and the general reference to other cases must of necessity have included the *Lacey* case, because the decision in the *Martin* case was based directly upon the decision in that case.

(*c*) The conclusion reached in the present case is entirely consistent with the decisions in *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126 (32 S. E. 30); *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (45 S. E. 220), in each of

which it was held that a petition which fails to set forth a cause of action can not be made the basis of an amendment which seeks not merely to amplify or perfect the allegations in the original petition, but purports to substitute in lieu thereof an altogether different state of facts.

4. On application of the above principles, the court did not err in allowing the petition to be amended, nor in thereafter overruling the general and special demurrers thereto.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 17, 1932. REHEARING DENIED SEPTEMBER 21, 1932.

*J. I. Hynds,* for plaintiff in error.    *W. J. Davis Jr.,* contra.

ON MOTION FOR REHEARING.

SUTTON, J.   It is contended in the motion for a rehearing that the decision rendered in this case is in direct conflict with the ruling in *Carter* v. *Vinson,* supra, and that it is a misconception to say that nothing to the contrary was ruled in that case.   The petition in that case, as in the present case, contained no allegation of title or right of possession in the plaintiff, and the court held that the petition for this reason failed to set forth a cause of action. But it was not held that the petition could not be amended so as to cure the defect, the decision being that the amendment was insufficient for this purpose.   The ruling that the particular amendment was insufficient to remedy the defect appears to have been based chiefly upon a construction of the amendment, and not so much upon the idea that the petition was not amendable; and even if the court may have been incorrect in holding that the particular amendment was not allowable, our ruling here is not in conflict with the decision in that case.   Moreover, in any view, we are bound by the decisions of the Supreme Court as precedents, and it is our opinion that under the authority of *Ellison* v. *Georgia Railroad Co.,* supra, it must be held that the petition in the present case could be amended by alleging title or right of possession in the plaintiff.   There is no merit in the other contentions made in the motion for a rehearing.

*Rehearing denied.   Jenkins, P. J., and Stephens, J., concur.*