23277.   JOHNSON LUMBER COMPANY *et al. v.* AKERS LUMBER COMPANY.

330

DECIDED JANUARY 24, 1934.

*J. W. H. Underwood, J. B. Jones,* for plaintiff in error.
*Wheeler & Kenyon,* contra.

JENKINS, P. J. ■■ "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action is enough to amend by." Civil Code (1910), § 5682, codifying the decision in *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691 (13 S. E. 809), which construed the clause in section 5681 permitting amendments "in matter of form or of substance, provided there is enough in the pleadings to amend by." The rules stated in the *Ellison* case are, that, where the amendment of a pleading is one as to form, there must be a "complete cause of action in substance;" "but when the amendment needed is one of substance itself, 'enough to amend by' does not mean the same as 'enough to be good in substance without amend-

ment.' On the contrary, failing to be good in substance is generally the reason why amendment of substance is needed." As to the subject-matter in the original pleading, there must be "facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of the same cause." "The declaration must show what the design of the pleader was, and that his design was such that, if filled out and completed, a cause of action might appear. . . If enough is alleged to render it fairly and reasonably probable that the plaintiff claimed to have a cause of action of the kind indicated, and that it was his design or that of his pleader to declare upon it, this probability is to be accepted for the purpose of allowing amendment just as though his design were known with full certainty. . . The contents of the amendment as compared with what is already in the declaration may tend to show, either that the plaintiff is endeavoring to follow up a cause of action, or supposed cause, which he had in view when the declaration was prepared and filed, or, that having since discovered that no such cause of action exists or is maintainable, he has concluded to shift his ground and bring in surreptitiously a new and distinct cause of action in violation of one of the limitations upon his right to amend. . . The plaintiff must go still further than to indicate a subject-matter and some cause of action of a particular kind; his declaration must indicate what particular individual cause of action the design of the suit embraces. . . The pleader is a builder who has a right to go on and finish from any beginning whatever, provided he can show his original plan by what he has done and what he proposes to do, and provided he will confine himself to that plan, and provided the plan is one which, when fully executed, will result in a real edifice and not a mere castle in the air." That decision expressly overruled *Martin* v. *Gainesville &c. R.*, 78 *Ga.* 307 (2), holding that, "where the original declaration set forth no cause of action, there was nothing to amend by," and "any and every other case in so far as the judgment of affirmance or reversal rests upon the construction herein reviewed and disapproved;" and it necessarily overruled the similar ruling in *Selma, Rome & Dalton R. Co.* v. *Lacey,* 49 *Ga.* 106 (2), "that, in order to admit of an amendment, a valid cause of action must be set

forth in the original declaration." *Turner* v. *Plottel,* 45 *Ga. App.* 621 (3, b) (166 S. E. 31), distinguishing *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126 (32 S. E. 30). The *Ellison* decision is controlling as to the questions presented in the first two paragraphs of the syllabus. It has never been overruled, but its rulings have been followed in many later cases of the Supreme Court and of this court. See *Smith* v. *Smith,* 167 *Ga.* 98, 103, 104 (145 S. E. 63); *Walden* v. *Western Union Tel. Co.,* 105 *Ga.* 275, 277 (31 S. E. 172); *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712 (2), 713 (59 S. E. 804), where it was said by Justice Lumpkin that "if the rule were established that, to contain enough to amend by, there must be enough to withstand demurrer, the utility of the right to amend would be largely abrogated;" *U. S. Fidelity &c. Co.* v. *Koehler,* 36 *Ga. App.* 396 (3) (137 S. E. 85), holding that "the fact that a petition fails to set forth a complete cause of action is not necessarily sufficient cause for refusing an amendment, adding matter of substance;" and *Interstate Life &c. Co.* v. *Lewis,* 43 *Ga. App.* 775-777 (160 S. E. 115). On the contrary, where the amendment seeks an addition or change in matter of form instead of substance, it is the settled rule since the *Ellison* case that the cause of action in the original pleading must be good as against general demurrer.

The 3d and 4th paragraphs of the syllabus require no elaboration.

*Judgment reversed, with direction. Stephens and Sutton, JJ., concur.*