24935. READDICK *v.* FORSYTHE.

DECIDED OCTOBER 28, 1935.

*Fred A. Tuten,* for plaintiff. *Hester & Clark,* for defendant.

JENKINS, P. J. 1. A bill of exceptions may be amended in the appellate court, in order to correct "any imperfection or omission of necessary and proper allegations," if these can be corrected "from the *record* in the case" (Code of 1933, § 6-1309), and "so as to conform to the *record* in the cause" (§ 6-1401). Omissions from the *"record"* as transmitted by the clerk of the trial court may be supplied where justice requires (§ 6-1403). Otherwise, "the control of the judge over the bill of exceptions terminates when he has signed and certified it;" and a supplemental certificate signed by the judge, after expiration of the legal time for certifying the bill of exceptions, for the purpose of supplying an omitted vital allegation therein or an omitted pleading that is not part of the record, can not be considered by this court. *Cartledge* v. *Ashford,* 148 *Ga.* 589 (97 S. E. 521); *Jones* v. *Jones,* 178 *Ga.* 710 (4) (174 S. E. 338); *Grant* v. *So. Bell Tel. Co.,* 145 *Ga.* 298 (2) (89 S. E. 364); *Worthy* v. *Farmers Life Confederation,* 144 *Ga.* 512 (2) (87 S. E. 667); *City of East Point* v. *Christian,* 40 *Ga. App.* 81 (149 S. E. 50).

2. "Where a plaintiff offers to the court an amendment to be allowed and filed as a part of the record, and the court refuses to allow it, the paper does not become part of the record by merely filing it in spite of the disallowance; and if exception is taken to such refusal to allow it, the proposed amendment should be brought up in the bill of exceptions, or attached thereto as an exhibit properly identified, and can not be brought up by specifying it as a part of the record, of which it never legitimately became a part." *Holmes* v. *Cobb Real Estate Co.*, 142 *Ga.* 56 (82 S. E. 496); *Ponder* v. *Quitman Ginnery*, 122 *Ga.* 29 (49 S. E. 746); *Robinson* v. *Woodward*, 134 *Ga.* 777 (68 S. E. 553); *Clarke* v. *Deal*, 4 *Ga. App.* 326 (61 S. E. 295); *Bryant* v. *Bank of Covington*, 18 *Ga. App.* 526 (89 S. E. 1049); *Dunn* v. *Southern Bell Tel. Co.*, 49 *Ga. App.* 264 (175 S. E. 261).

3. In the instant case, the amendment offered by the plaintiff to her declaration in attachment not having been incorporated in the bill of exceptions and not being a part of the record which the clerk was authorized to submit to this court, and the certificate of the trial judge of the original bill of exceptions not being subject to amendment after expiration of the time allowed for such certification, so as to identify and certify as true the offered amendment, the motion of the plaintiff in error so to amend her bill of exceptions must be denied. This court, being without authority to consider the alleged amendment, can not determine the exception taken to its disallowance, whether or not, where the original declaration alleged merely that the indebtedness was $500 for damages "caused by the [defendant] running his automobile into your petitioner's automobile, wrecking and damaging it," such pleading was amendable by setting forth negligence by the defendant and specific acts of negligence. See, in this connection, Code, §§ 81-1301, 81-1302. *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (13 S. E. 809); *Turner* v. *Plottel*, 45 *Ga. App.* 621 (3, *b*) (165 S. E. 31); *Johnson Lumber Co.* v. *Akers Lumber Co.*, 48 *Ga. App.* 329, 330 (172 S. E. 667); *West* v. *Gainesville Nat. Bank*, 32 *Ga. App.* 703-705 (124 S. E. 733).

4. Since the averments of the original declaration were wholly insufficient to set forth a cause of action, the court did not err in sustaining the general demurrer.

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*