## 24837. HATHCOCK *v.* HATHCOCK.

STEPHENS, J. 1. A description in the petition and in the affidavit for bail in an action for trover, of the property as "one Singer sewing machine" in the possession of the defendant, which belongs to the plaintiff, or to which the plaintiff claims title, constitutes a sufficient description of the property, and it appears therefrom that the plaintiff and not the defendant is entitled to the property.

2. Upon the trial of a suit in trover where a wife seeks to recover of the husband for a conversion of personal property including a Singer sewing machine to which the plaintiff claims title, and where the only evidence which could be relied upon as establishing a conversion is the testimony of the plaintiff that her husband, the defendant, "swapped" a machine which belonged to her and which her parents had given her, and got in return a new machine on which the defendant paid out of his own money the balance due after the credit allowed for the old machine, the testimony of the plaintiff, as a party to the case, when construed most strongly against her, as must be done, and also when construed in the light of the rule of evidence that where a person is under a duty to speak his silence may be an admission, wherein the plaintiff testified that her husband, the defendant, swapped her machine, in the absence of any evidence as to whether or not she authorized him to swap the machine, is insufficient to authorize the inference that the husband in taking her machine and trading it off for a new machine which he paid for, took her machine and traded it off without her consent. The verdict found for the plaintiff is without evidence to support it.

3. The court did not err in overruling the defendant's demurrers, but did err in overruling the defendant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 11, 1936.

*J. B. Burnside, Casey Thigpen, Joseph M. Branch,* for plaintiff in error.