28852. SADLER *v.* HARRISON.

DECIDED APRIL 21, 1941.

*Louis H. Foster,* for plaintiff in error. *M. E. O'Neal,* contra.

SUTTON, J. This was a bail-trover action by C. M. Harrison against C. G. Sadler, and it was alleged in the plaintiff's petition that the defendant was in possession of certain personal property belonging to the petitioner, described as follows: "One (1) sandy-colored sow of the hog kind, and being the same sow taken and carried away by the defendant and his agent from the Sallie Maxwell farm of said petitioner, C. M. Harrison, and said sow's nine (9) pigs of the value of twenty-five dollars, and fifty (50) bushels or more of corn, planted, cultivated, and raised by said defendant as a cropper of petitioner for the year 1939 on what is known as the Sallie Maxwell farm of petitioner, and which was taken and carried away from said Sallie Maxwell farm of petitioner, C. M.

4

Harrison, of the value of thirty ($30) dollars, and one barrel of sugar-cane syrup containing thirty-six (36) gallons of sugar-cane syrup or more, and being a barrel of syrup made from sugar-cane planted and cultivated and harvested and manufactured from cane grown by the defendant as a cropper of C. M. Harrison on the Sallie Maxwell farm of the said C. M. Harrison during the year 1939, of the value of eleven and 52/100 ($11.52) dollars; all of said personal property being of the total value of sixty-six and 52/100 ($66.52) dollars."

The defendant demurred on the ground that the description of the property set out in the petition was too vague and indefinite upon which to predicate an action in bail trover. The court over-ruled the demurrer, and the defendant excepted.

If the petition so identifies the property sued for as to enable the court to seize the property and hold it for the owner, then it is sufficient as respects the description of the property, and is not subject to the demurrer. "In an action of bail-trover, the petition must definitely identify the property by a particular description, or by a general description coupled with such additional allegations as to the time and place or manner of the taking or conversion as plainly to isolate the thing sued for from the general class to which it belongs." *Collins* v. *West*, 5 *Ga. App.* 429 (63 S. E. 540). The description and allegations as to the particular property sued for are set out above, and it will not be necessary to repeat them. But we are of the opinion, and so hold, that the description of the property as contained in the petition, coupled with the allegations as to the taking of said property by the defendant from a certain named farm of the plaintiff and the conversion thereof by the defendant, was sufficiently definite as to identify the property and enable the sheriff to seize it. The court did not err in overruling the demurrer. See *McElhannon* v. *Farmers Alliance Warehouse &c. Co.*, 95 *Ga.* 670 (22 S. E. 686) ; *Adkins* v. *Salmon*, 32 *Ga. App.* 459 (123 S. E. 730) ; *Hathcock* v. *Hathcock*, 52 *Ga. App.* 805 (184 S. E. 785).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*