The Mayor and Council of the City of Macon *vs.* Cummins *et al.*

THE MAYOR AND COUNCIL OF THE CITY OF MACON, plaintiff in error, *vs.* HENRY CUMMINS *et al.*, defendants in error.

(WARNER, C. J., did not preside in this case.)

1. The city of Macon filed a bill against A, B, C, D, and others, as agents and officers of a pretended corporation, alleged to be incorporated under the laws of New York for the purpose of carrying on business in Georgia. The bill was filed in the Superior Court of Bibb county, and charged that two of the persons sued resided in Georgia, and the others in the State of New York. The bill charged that the city had, through the management of the individuals named, been fraudulently induced to make a deed of certain property to the corporation on certain terms and conditions which had been broken. The bill also charged that the charter of the company was void, as in conflict with the sovereignty of this State, and prayed that the deed might be canceled and the prop-

erty redelivered to the city. The bill also alleged that certain claims and liens existed against the property, contracted by the company or its agents, which were in dispute, and prayed that the amount of said claims might be ascertained and settled in the decree. Before any trial the company, by its President, came into Court, filed the usual affidavit, and gave a proper bond, and petitioned that the case be removed to the Circuit Court of the United States for the District of Georgia. This petition the Court granted, and the complainant excepted:

*Held,* That the company was in effect a party to the bill, and having appeared and made the motion to remove, it was not error in the Court below to grant the same.

2. All the issues between the city and the company can be fully disposed of without the presence of any of the citizens of Georgia except the city.

3. The question as to the validity of the charter is one of the issues made by the bill in which the company is the party at interest, and having followed the act of Congress in making the affidavit and giving the bond, the State Court is not authorized to proceed further to try the issue—that question with the others made by the bill is returned to the Circuit Court.

4. No question having been made in the Court below as to the power of the Superior Court to pass an order in the premises, this Court does not decide it.

Removal of cause. United States Court. Before Judge COLE. Bibb Superior Court. October Adjourned Term, 1871.

The Mayor and Council of the city of Macon filed their bill against Henry Cummins, Cosmore G. Bruce, Benjamin Field, Henry W. DePuy, of the State and county of New York, and John T. Snead and Alfred Iverson, jr., of the county of Bibb, all of said defendants being stockholders, officers and agents of a pretended company, known as the "Armory Cotton Manufacturing Company;" against Maxwell, Grier, Masterson, the clerk of the Superior Court, the sheriff, and the constables of the county of Bibb. Substantially, the following case was made:

In the month of May, 1870, complainant was possessed of a piece of real estate in the city of Macon, known as the "Macon Armory," of the value of $250,000 00. In order to dispose of said property in a manner that would be produc-

tive of benefit to said city, on the 27th day of said month and year, complainant entered into a contract with said pretended "Armory Cotton Manufacturing Company," by which said company, in consideration of the transfer to them of said premises, with the buildings thereon, undertook to complete said buildings, and in a reasonable time to fit up the same with proper machinery, and to begin the business of manufacturing cotton, and to issue to the city of Macon paid up stock in said pretended company to the amount of $75,000 00. The company pretended to be incorporated under a charter obtained in the State of New York. The premises and buildings aforesaid were transferred in accordance with the provisions of said contract. In prosecution of a fraudulent design to obtain the control and possession of said property for private speculation, said company delayed an unreasonable time before commencing work on said buildings, but finally the defendants, Snead and Iverson, were appointed to begin and superintend the repairs and completion of the same. For several weeks past, the work of "preparing to begin" has been progressing, and an expense has been incurred for material and wages of mechanics and laborers of between $3,000 and $4,000. Other claims against said company will increase the indebtedness to over $5,000. Of this amount, only about $100 has been paid by said company, but, on the contrary, a draft for $3,000, drawn by the defendant, Snead, upon said company, for the purpose of applying the proceeds to said indebtedness, was returned unpaid and protested. The laborers have abandoned the work, and are suing out attachments, etc., for their wages. The superintendent, Snead, has also abandoned the same, and has been absent for three or four weeks. Complainant has been informed that said company has been endeavoring to sell said property to other parties, and here charge this to be their design. By said pretended charter, said defendants, Bruce, Cummins, Field, DePuy, Snead, and Iverson, were appointed trustees for the management of the affairs of said company for the first year; but, so far as complainant is advised, said trustees have never had a meeting; the company has never adop-

ted any by-laws, nor communicated the same to complainant, but, on the contrary, said corporators have done nothing towards carrying out the objects of their incorporation, or their contracts thereunder, but have confined themselves wholly to their efforts to defraud complainant out of said property.

Under the foregoing facts complainant has been advised that said defendants have forfeited their right to said property, as the deed under which they hold the same provides, that if their undertaking is not complied with in a reasonable time after the date thereof, the indenture is to "stand canceled." Under this belief, complainant has demanded of said defendant, Iverson, the agent of said pretended company, possession of said property, which he has refused to deliver. Iverson has a claim against said pretended company for his salary since the date of said contract, at the rate of $2,500 00 per annum, and is about to levy a laborer's lien for the same upon said property. Complainant charges that he is a salaried officer, and not entitled to a laborer's lien. Grier & Masterson have attached said property for $130 00 claimed to be due them. Maxwell has a claim against said company for lumber sold, amounting to $1,130 97, and has also attached. As said property in reality belongs to complainant, it is, in interest, the sole party defendant to said various suits.

Prayer, that said deed may be delivered up to be canceled; that said corporators of said pretended company may be compelled to reimburse complainant for all amounts which it may be compelled to pay towards the debts of said pretended company for the protection of said property; that the corporators of said pretended company be enjoined from selling or encumbering the same; that all creditors, other than laborers and mechanics, be enjoined from proceeding against said property except as parties defendants to this bill; that the sheriff and constables of the county of Bibb be enjoined from levying any liens or attachments on said property, other than liens for material furnished, and liens of mechanics and laborers; that the clerk of the Superior Court be enjoined from putting on record any conveyance or mortgage, or other encumbrance,

The Mayor and Council of the City of Macon *vs.* Cummins *et al.*

made by said pretended company, its corporators or the officers of the same; that the writ of subpœna may issue.

Two amendments were made to the bill, unnecessary here to be set forth.

Maxwell, Grier & Masterson, Iverson and Snead acknowledged service upon said bill through their attorneys. Snead was also served with a copy.

On February 25th, 1871, the Chancellor sanctioned the bill, and ordered that the defendants be enjoined from selling, mortgaging or otherwise encumbering the property in controversy.

At the first term of the Superior Court of Bibb county, after service of the bill, Cummins, for himself individually, and as President of the Armory Cotton Manufacturing Company, filed his petition for the removal of said cause to the fifth Circuit Court of the United States, for the Southern District of Georgia. He alleged that most, if not all of the stockholders of said company are citizens and residents of the State of New York; that said company is the only real defendant to said bill; that it has now and always has had its office and chief place of business in the city, county and State of New York; that the persons constituting the complainant are citizens and residents of the county of Bibb and State of Georgia, in the Southern District of Georgia; that complainant, as a corporation, has its office and chief place of doing business in said county, State and district; that the property in dispute exceeds in value the sum of $500 00, exclusive of costs; that petitioner has complied with the provisions of the Act of Congress of March 2d, 1867, as to affidavit and bond.

The complainant objected to the granting of an order removing said cause, upon the following grounds, to-wit:

1st. Because there is no such party defendant to the bill as the Armory Cotton Manufacturing Company.

2d. Because a portion of the defendants, for whom the petitioner assumes to petition, are citizens of Georgia.

3d. Because there is no such person as the Armory Cotton

Manufacturing Company in legal existence, either by the laws of Georgia or of New York.

4th. Because said pretended company, if not a corporation, is a copartnership of individuals, and each must unite in the petition for removal, and the petition cannot be granted if any one of them is a citizen of Georgia.

5th. Because a complete decree in said cause as to the parties for whom the petition is made, cannot be had in the United States Court, without the presence of the other defendants in said cause who are citizens of the State of Georgia.

The objections were overruled by the Court, and the prayer of the petition was granted. Whereupon the complainant excepted upon each of the aforesaid grounds.

A. O. BACON, for plaintiff in error.

LANIER & ANDERSON, by R. F. LYON, for defendants.

McCAY, Judge.

We are constrained to say that we are unable to understand how it can be seriously contended that this corporation, or pretended corporation, is not a party to this bill. Its object is to set aside a deed made to the corporation by name; the two persons, living in Georgia, who are alleged to be members, are charged as agents of the incorporation. Under our law, any agent or officer of a corporation, living in the county, having jurisdiction of a suit against the corporation, is a proper person to serve a writ on, against the corporation : See Code, 3293.

And we have held, that if a foreign corporation have an agent here transacting the business of the company, the corporation may be sued here; so that this bill is a suit affecting the interests of the corporation. It sets out that it is a foreign corporation; that it has agents here, mentions their names, and it prays a decree setting aside a deed made to the corporation by name. We cannot but feel that the charges in the bill and the prayer make the corporation a party ; and as the cor-

The Mayor and Council of the City of Macon *vs.* Cummins *et al.*

poration has come forward in terms and by name, asking to be permitted to defend a suit the whole purpose of which is to set aside a deed made to it, we think it eminently proper and just that it should, even if there were any doubt about the bill when filed, be permitted to come in. Equity delights in settling a controversy at once and by one decree, and without this company, this bill would be wholly useless, since any decree could not affect the company unless it were a party. What would a decree be worth, setting aside the deed that did not bind the grantee in the deed? The liens and other debts against the company are wholly collateral to the main issue between the city and the company. If the deed is set aside as to the company, and this is to the injury of the legal rights of the creditors, it will not affect those rights. If the land is, in equity, chargeable with the debts, the city will hold it so charged, and we see no reason why any parties are necessary to the decision of the questions between the city and the company, save the city and the company.

Whether the charter is a legal one, authorized by the laws of this State to do business here, as provided in the charter, and whether the State of New York can grant such a charter, is one of the main matters in dispute. The United States Court, for matters and parties in its jurisdiction, is as much a Court to settle the rights of the people of Georgia, as a State Court is. Both are Courts of our own creation, and each is intended for the public good—the good of the State and the people of the State, as well as the people of other States. It is not a foreign Court, but a Court sitting under a Constitution and laws made by and for the State and people of Georgia.

We think the whole issue between the city and the corporation goes, under the Act of Congress, to the Federal Court. We take it for granted, that Court will administer the law wisely and justly to the citizens of this State, as well as to the foreign corporation.

Whether a case goes to the Federal Court by operation of law, without any order or judgment of the State Court, was

not made before, nor decided by the Judge and is not, in our judgment, before us. The defendant moved an order, the Court granted it, and the plaintiff excepts. It is not for the defendant, who moved the order, to say the Court had no power to pass it. We incline to the opinion that a judgment is necessary, though, as the question is not properly here, we do not decide it.

Judgment affirmed.