SLAUGHTER W. FICKLIN, plaintiff in error, *vs.* HENRY A. TARVER *et al.*, defendants in error.

Where, in a proper case, an application is made, in terms of the act of congress of March 3, 1875, for removal of a cause from the state court to the circuit court of the United States, a sufficient petition and bond, tendered by the applicant, should be accepted, whether notice has been given to the opposite party or not. The act does not provide for notice, and none is necessary.

Removal of causes. United States Courts. Notice. Before Judge WRIGHT. Baker Superior Court. May Term, 1877.

Reported in the opinion.

R. N. ELY; D. A. VASON, for plaintiff in error.

WARREN & HOBBS, for defendants.

BLECKLEY, Judge.

A citizen of Virginia, as sole complainant, had a bill in equity pending in Baker superior court, against several citizens of Georgia, and a citizen of New York. The amount in controversy was over ten thousand dollars. Service had been duly effected on the Georgia defendants, but, so far as appears, none had been effected on the New York defendant. At the appearance term, after notice to counsel who represented one of the Georgia defendants only, the complainant petitioned, in terms of the act of congress of March 3, 1875, for a removal of the cause to the appropriate circuit court of the United States, filing, for accept-

ance by the court, the requisite bond and security, according
to the act.   Objection was made, on the part of the defend-
ant represented by counsel, that the other defendants had
not been notified of the application.   The court, thereupon,
refused to consider and act upon the application, until the
other defendants were notified of it.   This refusal is ex-
cepted to as erroneous.

For a very full presentation of the subject of removing
cases from the state courts into the federal courts, and for a
copious citation of authorities, see the Southern Law Review,
new series, vol. 2, p. 282; and vol. 3, p. 3—the former article
by Judge Dillon, the latter by Chancellor Cooper.   Judge
Dillon's article, with some additions, has appeared in a sep-
arate pamphlet, under the title of "Removal of Causes from
State Courts to Federal Courts."   On page 67 of this pam-
phlet, (note 107,) it is said "the adverse party is not entitled
to notice of the time and place of presenting the petition,"
citing 8 Blatch., 243, 247.   If notice was not required un-
der former acts of congress, neither is it under the act of
1875, (19 United States Statutes at Large, 470,) for the mode
of removal is substantially the same, so far as presenting the
application to the state court is concerned, under all the acts.
Conkling (Treatise 447, *n.*) thinks notice proper, upon prin-
ciple, and says it can be required by rules of practice in the
state courts.   He adds that according to the established prac-
tice of the courts of New York, notice must be given of *all*
special motions in causes pending.   The language of the
act of congress is, that the party may make and file a peti-
tion, and shall make and file therewith a bond, with good
and sufficient surety, and "it shall *then* be the duty of the
state court to accept said petition and bond, and proceed no
further in such suit."   There is not a word in the act about
waiting for notice to be given.   When the petition and bond
are made and filed, the matter is ready for the court to act
upon.   If it is in the power of the state, by statute, rules of
practice, or otherwise, to make notice a condition precedent,
in addition to what the act of congress has prescribed, this

state has not done so. Where a statute plainly contemplates an *ex parte* order, notice is not absolutely a pre-requisite, especially if means are afforded to contest the matter afterwards. 5 *Ga.*, 194. The fifth section of the act we are considering, makes provision for remanding the cause to the state court, if want of jurisdiction should be shown in the federal court. (19 United States Statutes at Large, 472.) There is no occasion for a full hearing in the state court on the sufficiency of the surety. Such questions are constantly acted upon in the absence of the party for whose benefit the surety is taken. This is done in attachments, in claims, appeals, injunctions, and perhaps in many other proceedings. Most generally, too, it is done by a mere ministerial officer. Surely it can be managed by the superior court with as much safety to the absent party as by a sheriff or clerk, or even by a justice of the peace. The superior court should not have refused to entertain the application, nor have postponed action upon it, for want of notice to the defendants. Complainant's counsel cited 6 Blatch., 362; 47 *Ga.*, 321; 49 *Ib.*, 462.

Judgment reversed.