## Steiner *vs.* Mathewson & Company *et al.*

1. Where a bill in equity was filed in the superior court of Richmond county, returnable to the April term, 1885, thereof, the trial term of such case was the October term, 1885; and where that term was adjourned to January, 1886, and finally adjourned on February 20, 1886, the adjourned term was but a continuation of the regular term; and a petition to remove the case to the circuit court of the United States, filed on February 17, 1886, during the continuation of the adjourned term, was in time.

(*a.*) Where a petition for the removal of a cause from a State court to the circuit court of the United States is filed in due time, and proper security is given, if the right of removal appears on the face of the petition and record, the power of the State court over the case ends, and all issues of fact made upon the petition must be tried in the circuit court; but the State court is at liberty to determine of itself whether, on the face of the record, a removal has been effected; and this determination is a final judgment to which exception may be taken and a writ of error had.

2. Where the complainant in a bill in equity resides in this State, and the real defendants, the only parties in interest, are nonresidents, such defendants may remove the case to the circuit court of the United States, although there may be joined with them nominal parties defendant residing in this State.

3. The real defendants, who are non-residents, having filed a petition to remove the cause to the circuit court of the United States, a merely nominal party defendant, joined with them in the bill, was not bound with them as a principal in the removal bond and was a competent surety therein.

November 24, 1886.

v 77—42

United States Courts. Removal of Causes. Before Judge RONEY. Richmond Superior Court. October Adjourned Term, 1885.

Reported in the decision.

FRANK H. MILLER, for plaintiff in error.

W. T. GARY, by FOSTER & LAMAR, for defendants.

JACKSON, Chief Justice.

In November, 1884, Steiner filed his bill against Mathewson & Co., of Augusta, Georgia, and Williams, Black & Co., of New York, to cancel a mortgage given by Steiner to Williams, Black & Co., in Burke county, Georgia, to secure two promissory notes, due November 7, 1884, and payable at the place of business of Williams, Black & Co. in New York city. The mortgage and notes were in the hands of J. O. Mathewson & Co. in Augusta, Georgia. The prayer of the bill was to cancel the notes and mortgage in the hands of Mathewson & Co., and that they deliver them up to the clerk for the purpose of cancellation, and to enjoin Williams, Black & Co. from foreclosing the mortgage and suing the notes, as illegal because for futures. A rule *nisi* was granted, returnable December 4, 1884, to show cause why injunction should not be issued as prayed for, and was served on Mathewson & Co. and return of *non est inventus* as to Williams, Black & Co. was made. A restraining order was granted against Mathewson & Co. not to part with the notes and mortgage and not to institute suit until the final order was passed. On the 15th of December, 1884, the writ of injunction was issued, with leave to move to dissolve the injunction on ten days' notice. On the 17th of February, 1886, Mathewson & Co. filed an answer to the effect that they had no interest in the matters complained of, being mere accommodation holders for

Williams, Black & Co. Williams, Black & Co. on the 16th of February, 1886, acknowledged service of the bill, and answered the same on the 17th of February, 1886, setting up their sole ownership in themselves of the mortgage and notes. The bill was returnable to the April term, 1885, and the trial term was the October term, 1885, which adjourned on the 14th of November, 1885, to the 11th of January, 1886, and adjourned finally on the 20th of February, 1886. On the 17th of February, the petition for removal to the United States circuit court, with bond, etc., was filed. The court below granted this order:

"Upon hearing the petition in the above stated case, which is in due form, the said bond and surety is satisfactory and is approved, and the prayer is granted. It is ordered that the record in said case be removed into said circuit court of the United States in and for the Southern District of Georgia, in conformity to the law in such cases made and provided."

To which order Steiner excepted, and assigns as error in this court the grant thereof. Three objections are pressed before us as reason why the cause should not be removed: First, that petition was filed too late; second, because the party defendants are not both of the same State and the case is not separable; and third, that the surety to the bond is not good in law, being Mathewson, himself a party, and already bound.

1. In the case of Stone vs. South Carolina, 117 U. S. R. 431, it is held that, "The mere filing of a petition for the removal of a suit which is not removable does not work a transfer. To accomplish this, the suit must be one that may be removed, and the petition must show the right of the petitioner to demand a removal; this being made to appear in the record, and the necessary security having been given, the power of the State court in the case ends, and that of the United States begins. All issues of fact made upon the petition must be tried in the circuit court, but the State court is at liberty to determine of itself whether on the face of the record a removal has been effected."

In the case of *Angier vs. E. T. & Ga. Railroad*, 74 *Ga.* 634, this court held to the same effect.

The court below inspected this record, and was satisfied that the case should be removed, and so ordered. By the decisions of this court, as that is a final judgment, so far as the Georgia court can act, the right to sue out a writ of error here is allowed.

So as the appellate court, we also inspect the record to see if the court below was right, the State court being, in our judgment, the court below and this the last court for redress. The petition is in time. It was at the trial term, the adjourned term being but a continuance of the regular October term, and the petition was filed on the 17th of February, 1886; the final adjournment was on the 20th of February, 1886, and thus the petition was filed at the first term at which the cause could be tried.

2. The New York party defendants, Williams, Black & Co., are the only parties in interest. Mathewson & Co. are mere agents—nominal parties; therefore their residence in Georgia, the same State with Steiner, the complainant, makes no difference. Steiner, a Georgian, is on one side; Williams, Black & Co., of New York, are on the other. The New York people have the right to fight the Georgian in the circuit court of the United States. *Wortsman et al. vs. Wade, marshal, for the use of Curtis & Wheeler*, delivered yesterday, and citations. (77 *Ga.* 651.)

3. It follows that Mathewson, being merely a nominal party, is not bound already with Williams, Black & Co. on the removal bond, but is as good a surety as anybody else worth the amount of the bond; there is no pretence that he is not worth it.

Judgment affirmed.