Horan *vs*. Strachan & Company.

HORAN *vs* STRACHAN & COMPANY.

When a petition for a removal of the cause to a circuit court of the United States is filed in a cause pending in a State court, the only question left for the State court to determine is the question of law whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition, the pleadings, and the proceedings down to that time, that the petitioner is entitled to a removal; and if an issue of fact is made upon the petition, that issue must be tried in the circuit court.

March 25, 1889

United States courts. Removal of causes. Before Judge HARDEN. City court of Savannah. February term, 1888.

The official report is embodied in the decision.

GEORGE A. MERCER, for plaintiff in error.

GARRARD & MELDRIM, *contra*.

SIMMONS, Justice.

On December 7th, 1887, before a magistrate of Chatham county, Ga., Strachan & Co. made affidavit for and obtained an attachment against James Horan. The attachment was made returnable to the February

term, 1888, of the city court of Savannah. The ground
of attachment was, that Horan resided out of the State.
The residence or place of business of plaintiffs in at-
tachment does not appear in any of the attachment pro-
ceedings. The indebtedness alleged was $4,975. The
attachment was levied upon a steamship, machinery,
tackle, etc. On the day the attachment was levied,
December 7th, 1887, defendant gave bond and the
property levied upon was released. On the first day of
the February term of said city court, defendant filed a pe-
tition in said court for the removal of the suit therefrom
to the circuit court of the United States, under act of
Congress, March 3d, 1887; alleging in the petition that
the suit was of a civil nature, that the matter and
amount in dispute, exclusive of interest and cost, ex-
ceeded $2,000, and that the controversy in the suit was
between citizens of the State of Georgia, plaintiffs in
said suit, and defendant who was a citizen of England,
a subject of the Queen of Great Britain and Ireland and
a non-resident of Georgia. The proper bond accompa-
nied this petition. Plaintiff objected to the removal
for the following reasons:

(1) The cause is not removable under the law, as
shown on the face of the petition and pleadings.

(2) F. G. Strachan, one of the plaintiffs and a neces-
sary party to the cause, was not at the commencement
of the suit, nor is he now, a citizen of Georgia, but on
the contrary was then and still is a citizen of England
and subject of the Queen of Great Britain and Ireland.

(3) This is not a suit of which the circuit court of
the United States is given jurisdiction, under the law,
being a case of foreign attachment, jurisdiction not
being conferred by law, by original process or by re-
moval.

(4) Defendant cannot confer jurisdiction on the U. S.

circuit court by admitting the right of said court to proceed against him in this cause.

(5) Defendant is an alien and has no right of removal, under the law, in this case.

Plaintiffs showed by the affidavit of said Strachan that he was a subject of the Queen of Great Britain and Ireland, and was not a citizen of the United States of America. The judge of the city court refused to allow the removal, on the ground that there was an alien on one side and an alien and a citizen of Georgia on the other. To this ruling defendant excepted.

The court erred in refusing to grant the order to remove this case to the United States court. In the case of Burlington, Cedar Rapids and Northern Railway Co. vs. Dunn, 122 U. S. Rep. 513, the Supreme Court of the United States held as follows: "When a petition for a removal of the cause to a circuit court of the United States is filed in a cause pending in a State court, the only question left for the State court to determine is the question of law whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition, the pleadings and the proceedings down to that time, that the petitioner is entitled to a removal; and if an issue of fact is made upon the petition, that issue must be tried in the circuit court."

Judgment reversed.