## SOUTHERN RAILWAY COMPANY *v.* HUDGINS.

1. Notice to the opposite party of proceedings taken to remove a pending cause, on the ground of diverse citizenship, from a State court to a circuit court of the United States, is not a condition precedent to the order for such removal. Notice is not required by the act of Congress which authorizes the removal.

2. When a petition for the removal of a case from a State court to a circuit court of the United States appears to have been filed in due time and is accompanied with a proper bond as required by the act of Congress, the only question left for the State court to determine is whether the right of removal appears on the face of the petition and record. If it does, the power of the State court over the case has ended, and it has no jurisdiction to try and determine an issue of fact made on such petition; such issues can only be tried in the United States court. It is therefore error, when the right of removal appears on the face of the record, to set aside an order granting such removal, on the application of the plaintiff tendering an issue of fact as to whether such right exists.

Argued March 24, —Decided April 22, 1899.

Petition to remove cause.    Before Judge Fite.    Gordon superior court.    February term, 1898.

*Shumate & Maddox*, for plaintiff in error.
*W. H. Dabney, W. J. Cantrell & Son* and *R. J. McCamy*, contra·

LITTLE, J.    Sarah A. Hudgins commenced her suit, returnable to the February, 1898, term of Gordon superior court, to recover the sum of $5,650 damages of the Southern Railway Company for refusing and neglecting to build and maintain certain cattle-guards or stock-gaps on the dividing line of her lands in said county, after notice so to do as provided by the statute. The petition filed in the case describes and refers to the defendant in the following words: "Paragraph 2nd. Petitioner further shows that the Southern Railway Company, a corporation running and operating a line of railroad in and through said county and having a depot and agent in and for

said county, has injured, damaged, and is indebted to your petitioner in the sum of," etc. During the February term of the court, and before the defendant was required to make answer or plead in the case, it appeared and filed its petition for the removal of the case to the circuit court of the United States for the northern district of Georgia, averring that the defendant was at the time of the commencement of the suit and is now a corporate body incorporated under the laws of Virginia and a resident and citizen of the State of Virginia and a non-resident of the State of Georgia; that plaintiff was and still is a citizen of the State of Georgia; and that the defendant desired to remove said suit into the circuit court. It tendered a bond with security, in terms of the statute, for its entering a copy of the record in the said circuit court and paying all costs that may be awarded, etc., as required by the statute. When the petition was presented, the judge of the superior court, by proper order, accepted the petition, approved the bond, and ordered the case to be removed to the circuit court of the United States for the northern district of Georgia. On the 29th of March thereafter, and during said term, the plaintiff filed a petition praying that the order of removal be revoked and set aside, on three grounds: first, because the order was granted without any notice to the plaintiff; second, because the defendant is not a foreign but a domestic corporation of the State of Georgia; third, because the defendant, the Southern Railway Company, is not a citizen of another State, but at the time of the commencement of the suit was a citizen of the State of Georgia and not entitled to remove the cause from the State to the United States circuit court. On the hearing of the motion to vacate the order of removal, the judge of the superior court of Gordon county revoked and set aside such order, and afterwards denied and refused the petition to remove the case. To this ruling exception is taken.

1. Under the act of Congress of March 3, 1887, 24th St. 552, it is made the duty of the State court, when a proper petition and bond for removal under the terms of the act are presented, to accept the same and proceed no further in such suit. The provisions of this act nowhere require any notice to

be given to the opposite party of the proceedings taken to accomplish the removal. Indeed the contemplation of the act, as clearly inferable from the third section, is, that whenever any party may be entitled to remove such a suit, the only requirement to accomplish the removal is to present a petition therefor, which, in connection with the record, shows the suit to be removable under the act, and present a bond satisfactory to the court, conditioned as provided by the statute. It has been expressly decided by this court in the case of *Ficklin* v. *Tarver,* 59 *Ga.* 263, that notice to the opposite party is not necessary. On the subject of notice this court there said: "When the petition and bond are made and filed, the matter is ready for the court to act upon. If it is in the power of the State, by statute, rules of practice, or otherwise, to make notice a condition precedent, in addition to what the act of Congress has prescribed, this State has not done so." Mr. Black in his Treatise on the Laws and Practice governing the Removal of Causes, § 188, says: "It is not necessary for the defendant to notify the plaintiff, or his attorney, of his intention to apply for the removal of the cause, or of his filing a petition and bond for that purpose. . . It is purely a matter of favor or courtesy to the adverse party and his counsel; and the omission to give notice will not warrant the State court in refusing the application." It was therefore not necessary that any notice should have been given to Mrs. Hudgins or her counsel of the proceedings to remove the case, to render the order of removal valid and legal.

2. The further grounds upon which the plaintiff sought to vacate the order of removal may be considered under one head. It is urged that the defendant is not a foreign but is a domestic corporation, and that it is not a citizen of another State, but at the time of the commencement of the suit it was a citizen of the State of Georgia, and not entitled under the acts of Congress to remove the cause from the State to the United States circuit court. These objections raise the question of fact whether the defendant was at the time of the institution of the suit a citizen of Virginia, as is alleged in the petition for removal, or was in fact a citizen of Georgia, or a corporation or-

ganized and operating a line of railroad under franchises granted by this State. The rule laid down by Mr. Black (Removal of Causes, §191, for which he cites 118 U. S. 271; 138 U. S. 298; 1 Peters, 476) is, that if any question is raised as to the actual citizenship of either of the parties, when the removability of the case depends upon the diversity of their citizenship, this issue is triable only in the Federal court. The State court must assume that the facts as to citizenship are as they appear in the record and are alleged in the petition for removal; and it can not receive and consider any evidence to the contrary. In the case of Crehore v. Ohio & Mississippi Rwy. Co., 131 U. S. 240, the Supreme Court of the United States, referring to Stone v. South Carolina, 117 U. S. 430; Carson v. Hyatt, 118 U. S. 279, says that "the State court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further"; and "all issues of fact made upon the petition for removal must be tried in the circuit court." Like rulings have also been made by this court. In the case of Steiner v. Mathewson & Co., 77 Ga. 657, it is said: "Where a petition for the removal of a cause from a State court to the circuit court of the United States is filed in due time, and proper security is given, if the right of removal appears on the face of the petition and record, the power of the State court over the case ends, and all issues of fact made upon the petition must be tried in the circuit court; but the State court is at liberty to determine of itself whether, on the face of the record, a removal has been effected." In the case of Horan v. Strachan & Co., 82 Ga. 566, this court ruled, that when a petition for removal of the cause to a circuit court of the United States is filed in a cause pending in a State court, the only question left for the State court to determine is the question of law, whether, admitting the facts stated in the petition to be true, it appears on the face of the record, including the petition, the pleadings and the proceedings down to that time, that the petitioner is entitled to a removal; and if an issue of fact is made upon the petition, that issue must be tried in the circuit court.

The petition for removal was regular, filed in due time, and

the security satisfactory to the court.    So that, under the rule recognized by the authorities just cited, the objections to removal set out in the second and third grounds can only be determined by reference to the record, of which, under the case of Horan v. Strachan, supra, the petition for removal is a part. As we have seen, the fact of diverse citizenship can only be tried in the circuit court after removal.    In this case the petition describes the defendant as being a corporation running and operating a line of railroad in and through said county, and having a depot and agent in and for said county.    The petition for removal avers that the defendant was at the time of the commencement of this suit and still is a corporate body under the laws of Virginia, and was then and now a resident and citizen of the State of Virginia and a non-resident of the State of Georgia.    The two averments are consistent, and the record shows a cause for removal within the statute.    The truth as to whether the defendant is a citizen of Georgia must be determined by the circuit court, and if found against the contention of diverse citizenship, under the law the case would be remanded to the State court, and no appeal or writ of error from the decision so remanding the case is allowed.    Act of Congress, 1887, 25th St. 433.

The plaintiff in error cites the case of Angier v. E. T., V. & G. R. R., 74 Ga. 634, where it was held that the defendant corporation was under the law a domestic corporation, and hence a citizen of Georgia.    If there was anything in the original petition filed to recover damages, which would authorize the court to determine as a matter of law that the Southern Railway Co. is a domestic corporation, then, under the rule above stated, the superior court of Gordon county would be at liberty to determine for itself whether, under such record, a removal was effected.    In the Angier case, supra, the bill alleged that the defendant railroad, the E. T., V. & G. R. R. Company, was a Georgia corporation, and specifically alleged that the road from Rome to Macon was built by the C. & G. R. R., and the road from Macon to Brunswick was purchased by it. The C. & G. R. R. then sold and transferred its rights, properties, franchises, etc., to the E. T., V. & G. R. R., and the lat-

ter assumed all of the debts and obligations and the two became merged under the name of the E. T., V. & G. R. R. On the petition to remove the *Angier* case the superior court looked to the record to determine if the petition made a case for removal. When it reviewed the record, it found the allegations above set out; and construing them as set out in the petition, the court determined that the defendant corporation was a Georgia corporation. This ruling is in entire harmony with the rule laid down above. But no such allegations appear in the original petition filed to recover damages against the Southern Railway Company. On the contrary, that corporation is simply alleged to be a corporation operating a railroad and having a depot in said county. There is, therefore, nothing in the record, including the petition in the suit, from which the court could determine that the Southern Railway Company was a domestic corporation. It is averred in the petition for removal to be a foreign corporation. It can readily be perceived, therefore, that whether it is or is not a foreign corporation can only be determined on an issue of fact raised; and the rule of law is clear that, such being the case, the State court can not try that question, but that jurisdiction to try that issue of fact rests alone in the United States court. We therefore rule, that under the record in this case a cause of removal appeared, and the superior court of Gordon county rightfully caused such removal to be had; that no legal cause is shown in the petition to revoke the order of removal, and this being so, the court erred in setting aside and vacating such order of removal.

*Judgment reversed. All the Justices concurring.*