### BRANAN *et al. v.* BAXTER & COMPANY.

1. A petition to intervene in a creditors' bill and become a party plaintiff thereto may be filed without the previous order of the judge; and when so filed, it becomes a part of the pleadings in the case to which it relates. Such pleadings are a part of the record, and, in a bill of exceptions assigning error on the refusal to allow the prayer for intervention, may be specified as a part of the record.
2. The main suit was neither good as a creditors' bill nor as a proceeding against an insolvent trader; and as the plaintiff in the main suit had transferred all his interest to a third person before the filing of the petitions for intervention, it was not error to sustain a motion, made at the instance of counsel for defendant and the transferee, to dismiss the main petition and disallow the intervention.

Argued February 9, — Decided March 3, 1905.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    May 5, 1904.

*Burton Smith, J. D. Kilpatrick, Lumpkin & Boykin,* and *T. W. Rucker,* for plaintiffs.    *Rosser & Brandon,* for defendant.

EVANS, J.   C. I. Branan, in behalf of himself and such other creditors as might desire to become parties plaintiff, filed a petition, in the superior court of Fulton county, against A. B. Baxter & Co., a foreign corporation, praying for an injunction and the appointment of a receiver.    The court granted a restraining order and appointed a temporary receiver.    Afterwards W. R. Ray, J. I. Smith, and Joseph Messina presented their petition for intervention and asked to be made parties plaintiff, and the court passed an order calling on the defendant to show cause why they should not be made parties as prayed.    To the application of Ray and others to become parties the defendant filed an answer and also a demurrer.    Thereafter J. R. Davis, H. W. Pearson, and Forrester Holmes & Co. presented their petition for intervention and asked to be made parties plaintiff.    The court passed an order requiring the defendant to show cause why the prayers of their petition should not be granted, and the defendant filed a demurrer and answer to the petition.    Afterwards counsel for the defendant appeared before the court and stated that the claim of Branan had been transferred and assigned to a third person ; that he represented both the defendant and the assignee, and they desired to have the case stricken from the docket and the temporary receiver discharged.    Counsel for Branan and the creditors who sought to intervene was present when this oral motion was made, and admitted in open court that "some one in New York, said to be Smathers, wrote to [Branan] and offered to pay him in full; the client thought he was entitled to take the money ;" counsel thought that so far as his relations with this client were concerned, there was no objection to his so doing, " and the money was paid to him by somebody, and he made some sort of assignment ;" that counsel was not informed as to who represented the assignee, but accepted as correct the statement of defendant's counsel that he did.    Thereupon the court granted the motion to dismiss the case, and passed the following order:   " Upon motion made, it is considered, ordered, and adjudged that the within petition be and the same is hereby dismissed, and the motions to be·

made parties are hereby denied." The plaintiff in the original petition, C. I. Branan, and the various creditors who sought to intervene sued out a bill of exceptions, therein assigning error upon the order passed by the court.

1. The petitions to intervene and become parties in the main case and the order disallowing the petitions were not incorporated in the bill of exceptions, but were brought to this court as a part of the record in the case. Counsel for the defendant in error insists that this court is without jurisdiction to examine and review the refusal of the trial court to allow new parties to be made, the petitions for intervention not being incorporated in the bill of exceptions; that the proper place for these petitions was in the bill of exceptions, and not in the transcript of the record, and that they could not be considered unless they appeared in their proper place. It has been frequently held that a proffered amendment which has been disallowed by the court has no place in the record of the case; and if the excepting party desires to bring under review the judgment of the court refusing to allow the proffered amendment, it must be incorporated in the bill of exceptions or attached thereto as an exhibit. *Barnett* v. *Railway Co.*, 87 *Ga.* 767; *Taylor* v. *McLaughlin*, 120 *Ga.* 703. The reasons supporting this rule are apparent. A party, as a matter of right, can not file an amendment without the previous order of the judge. When he offers the amendment, it is an application for it to be made a part of the record; and when the court denies the application, it is no part of the record and can not be filed as such. But in case of a petition to intervene in a creditor's bill the rule is different. A creditors' bill is filed in the interest of all the creditors of the common debtor, and any creditor may file, as a matter of right, his petition to become a party to the pending proceeding. Civil Code, § 4845. By the petition of the moving creditor the court will undertake to administer the assets of the debtor, and no independent or separate suit by other creditors can interfere with the jurisdiction acquired by the court on the filing of the first case. All subsequent applications to intervene pertain to the main case. These applications set forth the particular claim of the creditor desiring to become a party to the case. They may be filed without the previous order of the judge, and, when so filed, become pleadings in the case to which they relate.

2. The cause of action set out in the petition of Branan was that Baxter & Co. is a foreign corporation, with a place of business in Fulton county, and that the matters and things alleged originated from and pertained to the business conducted in that county; that, within twelve months prior to the filing of the petition, plaintiff had placed with the defendant $1,500 to be invested in stocks, industrials, and railroad securities, but defendant had failed to invest said sum, and as a consequence had become a bailee or trustee for plaintiff; that he had made demand on the officers of the defendant, located in Fulton county, for payment of his claim, but they refused to pay the same on the ground that they had no authority; that defendant has within this State personal property of the value of $40,000, or other large sum, which is deposited in two named banks in the county; but no one seems to be in control of these assets, and it is essential for the preservation thereof and the protection of petitioner and others similarly situated that the same be taken possession of by a temporary receiver; that the defendant is insolvent and is seeking to remove its assets beyond the limits of the State, and has attempted to make an assignment of its assets, including those in Georgia, in the State of New York. The prayers of the petition were, that a temporary receiver be appointed; that an order be granted restraining the defendant from removing any of its assets located in said county; that a permanent receiver be appointed and a permanent injunction granted, and that the assets in this State be administered by the court. The plaintiff also asked for process and for general relief. The creditors who sought to intervene set out in their petitions their respective demands against Baxter & Co., adopted the allegations of the main bill, and asked to be made parties plaintiff and permitted to participate in the distribution of the assets of the defendant. No new grounds for the exercise of the extraordinary equitable powers of the court were alleged in the petitions to intervene. The petition filed by Branan is not good as a creditors' bill. No fraud is alleged or any ground for granting the extraordinary relief prayed. The defendant corporation is a non-resident, and if there be assets in this State belonging to the defendant, the plaintiff had a full, complete, and adequate remedy at law by attachment and garnishment. Since the passage of the uniform procedure act of 1887, a petition praying for ordinary equitable relief is not de-

murrable on the ground that the plaintiff has a remedy at law, but the rule does not apply where extraordinary equitable relief, such as injunction and the like, is sought. The extraordinary equitable remedies of injunction and receiver do not lie in favor of one who has a complete and adequate remedy at law. *Johnson* v. *Gilmer*, 113 *Ga.* 1146; *Booth* v. *Mohr,* 122 *Ga.* post. The essential purpose of a creditor's bill is to administer, through the extraordinary powers of a court of equity the assets of an insolvent debtor; and where it appears that the allegations are insufficient to entitle the plaintiff to this extraordinary relief, the proceeding is not one to which other creditors may subsequently become parties plaintiff for the purpose of obtaining judgment on their demands against the common debtor. When the motion to dismiss the case was made, it was agreed between counsel representing the respective parties at interest that the entire matter might be heard at one time, the court to dispose of the objections of the defendant to granting the petitions for intervention and also rule on the motion to dismiss. As has been pointed out, the petition of Branan was not good as a creditors' bill, nor was there any pretense that it was good as a petition filed under the insolvent trader's act, Civil. Code, § 2716 et seq. The proceeding was one in which the creditors who sought to intervene had no interest; and as it was admitted on the hearing that Branan had parted with all his interest in the litigation, by assigning his claim to a third person, it was not improper to sustain the motion of counsel for the defendant to dismiss the plaintiff's petition and deny the prayers of these creditors to become parties by intervention.         *Judgment affirmed. All the Justices concur.*