## LANE BROTHERS COMPANY *et al. v.* RICKARD.

1. Where the defendant seeks to remove a case to the Federal court solely on the ground of diverse citizenship, the allegations of the petition for removal must be taken as true by the State court in determining the right of removal, though such allegations contradict the averments in regard to the citizenship of the parties, contained in the plaintiff's petition.

2. The State court has no jurisdiction to try an issue of fact made by a petition to remove a case from the State court to the Federal court, but such issue must be tried in the latter court.

FEBRUARY 14, 1911.

Petition to remove cause.  Before Judge Reagan.  Butts superior court.  August 19, 1909.

*C. B. Atkins, J. J. Rogers,* and *Rosser & Brandon,* for plaintiffs in error.

*Y. A. Wright, O. M. Duke,* and *J. T. Moore,* contra.

HOLDEN, J.  The defendant in error (hereinafter called the plaintiff) brought suit against the plaintiffs in error (hereinafter called the defendants) for $5,000 damages for injuries sustained because of the alleged negligence of the defendants.  The petition alleged that one of the defendants was a corporation chartered under the laws of Virginia, with an office, agent, and place of business in Butts county, in the superior court of which the suit was brought, and that two of the other defendants were residents of such county, and the other defendant was a resident of Jasper county, Georgia.  Before the appearance term of the case the defendants filed a petition for a removal of the case to the proper circuit court of the United States, alleging, that, at the time of the filing of the suit and of the petition for removal, the plaintiff was a citizen of Georgia, and each of the defendants was a citizen of the State of Virginia and neither of them a citizen of the State of Georgia.  A bond, on which no approval appears, with the National Surety Company as surety, was filed with the petition.  The petition and bond were in proper form, and the petition alleged that the bond was "a good and sufficient bond as provided for by the statute in such cases."  At the appearance term the court passed the following order: "The within motion to remove from the Superior Court of Butts County to the Circuit Court of the United States for the Southern District of Georgia.  No one appearing for the movants, and no evidence being offered in support of the same, and the plaintiff announcing ready for a hearing, said petition is hereby dismissed for want of prosecution."  To this order the defendants excepted.

1.  When a petition for removal has been filed and proper bond given, if the record, including the petition for removal, shows upon its face that a case is made which is removable, the jurisdiction of the State court is at an end, and that of the Federal court immediately attaches, and in such case any further proceedings in the State court are void.  The State court is at liberty to determine for itself whether or not the record discloses facts which remove the

case. Where the resident plaintiff sues two defendants, one of whom is a resident and the other a non-resident, alleging a joint and concurrent liability, the cause of action must be considered as that laid in the declaration, and a removal can not be effected because the defendants allege a separable controversy. As was said by this court in *Vanzant* v. *Southern Ry. Co.,* 135 *Ga.* 444 (69 S. E. 721, 723), "The plaintiff had a right to bring the suit as he saw fit, and the question as to whether any one defendant was properly charged with an act of negligence alleged against him is not for determination upon a motion to remove the case to the Federal court. And, as was said in Louisville & Nashville Railroad Co. *v.* Ide, 114 U. S. 52, 56 (5 S. E. 735, 29 L. ed. 63), "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. Smith *v.* Rines, 2 Sumn. 338 (Fed. Cas. 13100). A separate defense may defeat a joint recovery, but it can not deprive a plaintiff of his right to prosecute his own suit to a final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." In determining whether a case is removable, the cause of action must be considered as that set forth in the plaintiff's petition, since he may run whatever risk he chooses in his allegations as to the cause of action; but the allegations of the plaintiff in his petition that the defendants are citizens of the State wherein the suit is brought are not to be taken as true in determining whether or not the case is removable, where the defendants file a petition to remove, alleging diverse citizenship, and contradicting the allegations of the plaintiff's petition. In such a case the allegations of the petition for removal, regarding the citizenship of the parties, are to be taken as true. The constitutional right of defendants, as residents of a State different from that of the plaintiff, to remove the case to the Federal court, can not be destroyed by a mere allegation of the plaintiff in his petition that the defendants reside in the State wherein the suit is brought. Where the ground on which removal is sought is that of diverse citizenship, the State court must take as true the allegations of the petition for removal, and not those of the plaintiff's petition. See Texas & Pac. Ry. Co. *v.* Cody, 166 U. S. 606, 609 (17 Sup. Ct. 703, 41 L. ed. 1132) ; Burlington &c. Ry. Co. *v.* Dunn, 122 U. S. 513 (7 Sup. Ct. 1262, 30 L. ed. 1159) ; Carson *v.* Hyatt, 118 U. S. 279

(6 Sup. Ct. 1050, 30 L. ed. 167) ; Postal Telegraph-Cable Co. v. Alabama, 155 U. S. 482 (15 Sup. Ct. 192, 39 L. ed. 231) ; Chappell v. Waterworth, 155 U. S. 102 (15 Sup. Ct. 34, 39 L. ed. 85) ; East Lake Land Co. v. Brown, 155 U. S. 488 (15 Sup. Ct. 357, 33 L. ed. 233) ; Harrington v. Great Northern Ry. Co., 169 Fed. 714; 10 Enc. U. S. Sup. Ct. R. 704, 705; 5 Dig. U. S. Sup. Ct. R. 5101, 5103; Texarkana Telephone Co. v. Bridges, 75 Ark. 116 (86 S. W. 841, 5 Am. & Eng. Ann. Cas. 246, and authorities cited in note, p. 247). In several cases decided by this court it was held that the case should have been removed where the petition for removal alleged a diversity of citizenship of the parties. See *Steiner* v. *Mathewson*, 77 *Ga.* 657; *So. Ry. Co.* v. *Hudgins*, 107 *Ga.* 334 (33 S. E. 442) ; *Horan* v. *Strachan*, 82 *Ga.* 566 (9 S. E. 429). While in these cases the allegations in regard to the citizenship of the parties in plaintiff's petition do not conflict with the allegations in the petition to remove, we think a case is removable where the petition for removal alleges a diversity of citizenship, though such allegation contradicts the allegation of the petition of the plaintiff.

2. Where issues of fact are made by a petition to remove a cause from a State to a Federal court, such issues must be tried in the latter court. The State court has no jurisdiction to try such issues. *Horan* v. *Strachan, So. Ry. Co.* v. *Hudgins,* Texarkana Tel. Co. v. Bridges, supra.

It does not appear that the bond was approved. The order of the court dismissing the petition to remove does not seem to be based on the ground that the sureties on the bond were insufficient, or that the bond had not been approved. The bond was in proper form, and the petition to remove alleges that the bond presented was "a good and sufficient bond as provided for by the statute in such cases." The court could not arbitrarily reject a proper bond. 18 Enc. Pl. & Pr. 334, 335; 2 Foster's Fed. Prac. (4th ed.) 1553 ; Meyer v. Delaware Construction Co., 100 U. S. 457, 472 (25 L. ed. 593). And we do not construe the order of the court as dismissing the petition on the ground that the bond was insufficient, but on the ground that the allegations of the petition for removal, regarding citizenship of the parties, made an issue of fact to be tried by the State court, and that, no one appearing to represent the movants, the petition to remove was dismissed for want of prosecution.

*Judgment reversed. All the Justices concur.*