### 5122.   CHATTANOOGA BOILER & TANK CO. *v.* ROBINSON.

Where a suit subject to be removed to a Federal court is filed in a court of this State, and the defendant serves on the adverse party written notice of his intention to remove the case, the right to remove, which becomes complete and absolute upon the filing of the petition and bond required by the Federal statutes, can not be defeated by the mere filing of an amendment by the plaintiff, after notice of the intention to remove

and before the petition for removal is actually filed, so changing the allegations of the petition as to make the suit one not removable. In order for an amendment to have this effect, it must be allowed by the court before the defendant's right to remove is perfected by the filing of the petition and bond. The amendment does not become a part of the pleadings until it has been allowed by the court.

DECIDED DECEMBER 9, 1913.

Removal of cause to United States Court; from city court of Americus—Judge Harper. June 16, 1913.

*Harris & Harris, William B. Birch,* for plaintiff in error.

*T. A. Marshall, H. O. Jones,* contra.

POTTLE, J. On March 1, 1913, the plaintiff filed in the city court of Americus a suit for damages against the defendant, a corporation chartered under the laws of Tennessee. Damages were laid in the sum of $5,000. The petition was made returnable to the June term, 1913. After service of the petition the defendant, on June 9, 1913, caused to be mailed to counsel of record for the plaintiff a written notice that at the appearance term of the case, on June 16, the plaintiff would file a petition to remove the cause to the district court of the United States for the southern district of Georgia, upon the ground of diverse citizenship. On receipt of this notice the plaintiff, on June 13, during vacation, filed in the office of the clerk of the city court of Americus an amendment to the petition, reducing the ad damnum below $3,000. On June 16, upon the convening of the appearance term of the court, the defendant filed its petition for removal, attaching thereto the bond; both the petition and the bond being in conformity with the acts of Congress upon the subject. On the same day the plaintiff asked that the amendment which had been filed on June 13 be allowed by the court. The defendant objected to the allowance of this amendment and insisted that an order be granted removing the case to the Federal court. The court allowed the amendment and denied the petition for removal.

Section 29 of the Judicial Code of the United States (act of March 3, 1911, c. 231, 36 Stat. 1905, U. S. Comp. Stat. Supp. 1911, p. 142) is as follows: "Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the grounds of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in

such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, in good and sufficient security, for his or their entering in such district court, within thirty days from the date of the filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if the said district court shall hold that said suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if such special bail was originally requisite therein. It shall then be the duty of the State court to accept the said petition and bond and proceed no further in such suit. Written notice of said bond and petition for removal shall be given the adverse party or parties prior to the filing of same. The said copy being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court." It is conceded that written notice of the intention to apply for removal was given the adverse party as required by the statute, and also that the petition for removal and the bond were both in strict conformity with the act of Congress. The only question presented for decision is whether the filing of the amendment to the petition three days before the convening of the appearance term, and prior to the actual filing of the petition for removal, defeated the defendant's right to remove the case to the Federal court.

Where a suit is removable, and a petition for removal and the bond as required by the United States statute are filed and the provisions of the Federal law are otherwise complied with, the jurisdiction of the State court ceases and that of the Federal court immediately attaches. The State court has power only to pass upon the sufficiency of the petition for removal and of the bond filed therewith. National Steamship Co. *v.* Tugman, 106 U. S. 118 (1 Sup. Ct. 58, 27 L. ed. 87); Boatsman Bank *v.* Fitzlen, 135

Fed. 650 (68 C. C. A. 288); *Southern Ry. Co.* v. *Hudgins,* 107
*Ga.* 334 (33 S. E. 442); *Lane Brothers Co.* v. *Rickard,* 135 *Ga.*
650 (70 S. E. 565, 22 Ann. Cas. (1912A) 234). The right of the
defendant to remove was not perfected until June 16, the date upon
which the petition was filed. It was therefore competent for the
plaintiff, at any time prior to this date, so to change the pleadings
as to make the cause one not removable, provided the change was
made in the manner provided by law. In this State pleadings are
amendable in either form or substance at any stage of the case,
with certain exceptions which need not be here noted. Civil Code,
§ 5681. All amendments, when properly made, relate back to the
filing of the original pleadings. It has always been the rule in
this State, however, that a proffered amendment does not become a
part of the pleadings until after it has been allowed by the court.
*Reid* v. *Wilson,* 109 *Ga.* 242 (34 S. E. 608); *Ledbetter* v. *Savannah
Brewing Co.,* 8 *Ga. App.* 282 (68 S. E. 950); *Schaeffer* v. *Central
of Ga. Ry. Co.,* 6 *Ga. App.* 282 (64 S. E. 1107). The rule is, as
has been expressly held by this court, that an amendment, even
though filed in court, does not become a part of the record in the
case, or a part of the pleadings to which it refers, until after it has
been allowed by the court. "A party, as a matter of right, can not
file an amendment without the previous order of the judge."
*Branan* v. *Baxter,* 122 *Ga.* 222-224 (50 S. E. 45).

It is true, as pointed out by counsel for the defendant in error,
that in many instances in this State amendments are allowed as a
matter of right, and, when offered in accordance with the rules
applicable thereto, must be allowed by the court; and terms can not
be imposed on the party applying for leave to amend, unless there
has been negligence with respect to the matter of amendment.
*Barrett* v. *Pasco,* 90 *Ga.* 826 (17 S. E. 117). Counsel for the de-
fendant in error relies on the decision of the Supreme Court in
*Strange* v. *Barrow,* 65 *Ga.* 23. In that case the plaintiff offered to
establish an amendment which he claimed had been lost since the
preceding term, at which term the amendment had been allowed by
the court. Under the showing made to establish the lost paper, it
appeared that the amendment had been allowed at a previous term
of the court, but no entry of the previous allowance of the amend-
ment appeared on the bench docket, nor was there any order on the
minutes allowing the amendment. The court refused to allow it

established, and error was assigned on this ruling. The Supreme Court held that this was error, since neither an entry on the bench docket nor an order on the minutes was absolutely necessary. The second headnote of the decision contained this language, which is relied upon by the defendant in error: "There is no necessity for any action by the judge on an amendment except where the rights of the opposite party are to be affected by the negligence of the amending party. Hence, evidence other than that upon the records of the court may be considered by the judge upon the proposition to establish a copy." This language, as well as that used in the opinion, must be construed in connection with the facts in the case and the point under consideration. The court did not, we think, mean to hold that an amendment filed at the first term of a case need not be allowed by the court. Such a ruling would be in conflict with numerous decisions of the Supreme Court. As we view it, the fundamental fallacy in the argument of counsel for the defendant in error lies in the assumption that the mere filing of the amendment reducing the ad damnum had the effect of making the amendment a part of the petition, and of therefore defeating the right of the defendant to removal. The amendment did not become a part of the petition until it had been allowed by the court, and it was not so allowed until after the defendant had perfected its right to remove the case by filing its petition and bond as required by the Federal law. We think the court erred therefore in denying the petition to remove the cause. *Judgment reversed.*