## 24681. GOLDBERG *v.* BERGER.

JENKINS, P. J. 1. In a suit brought by the payee against the maker on promissory notes, which are attached to and made part of the petition, and which show no indorsement and no parting with legal title or ownership by the payee, a plea which merely alleges that the plaintiff "is not the *rightful owner* of said notes or lien against the property described in said petition, and has no right to bring any action whatsoever against defendant herein," and merely generally denies the indebtedness and the allegations of the petition, fails to show any ground of defense, and is properly stricken on demurrer. See *Crockett* v. *Garrard,* 4 *Ga. App.* 360, 364 (61 S. E. 552); 8 C. J. 798, 799, Note 70. In *Kennemore* v. *Heller,* 50 *Ga. App.* 528 (179 S. E. 154), where the plea was held good against a general motion to strike, the plea denied that the plaintiff, which in that case was not the payee named in the note, was the legal owner and holder.

2. Whether or not an amendment to a pleading be allowable as a matter of right or as a matter of discretion by the court, it can not be filed so as to become a part of the record in the case until after its allowance by the court. *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833); *Clark* v. *Ganson,* 144 *Ga.* 544 (2) (87 S. E. 670); *Branan* v. *Baxter,* 122 *Ga.* 222, 224 (50 S. E. 45); *Richards* v. *Shields,* 138 *Ga.* 583 (2) (75 S. E. 602); *Chattanooga Boiler Co.* v. *Robinson,* 14 *Ga. App.* 73, 76 (80 S. E. 299). In the instant case, irrespective of whether the defendant, after the filing of an amendment to his original answer, stricken upon demurrer, could properly question, merely by a motion for new trial, the rendition of a judgment in favor of the plaintiff for the amount of the notes, on the ground that the amendment contained an issuable defense which was undisposed of by the court; and irrespective of whether, in the absence of any effort by the defendant to introduce evidence to support such defense and of any exception to any ruling thereon as a ground for new trial, the failure to pass upon such amendment should have been attacked by exceptions pendente lite or timely direct bill of exceptions (see *Edwards* v. *Otwell,* 49 *Ga. App.* 456; 176 S. E. 52; *Sterchi Brothers Stores Inc.* v. *Mitchell,* 49 *Ga. App.* 826, 176 S. E. 537), the court did not err, for the reason assigned, in entering the judgment, since the amendment to the answer was merely filed with the clerk, without allowance by the court, and thus became no part of the record for consideration by the trial court or this court.

Judgment affirmed. *Stephens* and *Sutton, JJ., concur.*

DECIDED OCTOBER 26, 1935.

*Harry M. Wengrow, William C. Henson,* for plaintiff in error.
*Albert E. Mayer,* contra.