28644. ALLIED STORE UTILITIES CO. *v.* BENNETT *et al.*

Decided March 20, 1941.

526

*Herbert W. Wilson, Harry M. Wilson,* for plaintiff.

*E. O. Blalock,* for defendants.

STEPHENS, P. J. (After stating the foregoing facts.) The proffered amendment to the petition, which was disallowed, was not ordered filed by the court as a part of the record, was not incorporated in the bill of exceptions or attached thereto as an exhibit and properly identified by the court, but was specified in the bill of

exceptions as a part of the record material to an understanding of the errors complained of. "Where an amendment to a pleading is tendered and disallowed, and there is no order directing that it be filed and made a part of the record, . . it is not part of the record, and can not be specified as such in the bill of exceptions." *Sutherland* v. *Donovan,* 34 *Ga. App.* 643 (130 S. E. 688); *Readdick* v. *Forsythe,* 52 *Ga. App.* 54 (2) (182 S. E. 407). The fact that the proffered amendment was filed with the clerk of the trial court and by him marked "filed" does not render it a part of the record. *Goldberg* v. *Berger,* 52 *Ga. App.* 41 (182 S. E. 71); *Shaeffer* v. *Central of Georgia Railway Co.,* 6 *Ga. App.* 282 (64 S. E. 1107); *Branan* v. *Baxter,* 122 *Ga.* 222 (50 S. E. 45). There having been no previous order of the judge allowing the amendment, or order that it be filed subject to objection, the marking of the paper "filed" by the clerk was a mere nullity. This court can not consider the assignment of error on the disallowance of the amendment, where the amendment is not included in the bill of exceptions or attached thereto as a properly identified exhibit, but is merely specified as a part of the record, of which it never became a part, and is sent by the clerk to this court with the record. *Clarke* v. *Calhoun National Bank,* 53 *Ga. App.* 691 (187 S. E. 304).

It appeared from the petition and the attached exhibit that the plaintiff sold and delivered to the defendants certain items of merchandise, for which the defendants had not paid, and for which they were indebted to the plaintiff $294.25; and that the defendants were also indebted to the plaintiff, as "charges for damages to equipment while consigned to defendants," in the sum of $110. It was alleged that this indebtedness was past due. The petition was not subject to general demurrer.

The special demurrer to paragraph 3 of the petition, on the ground that the alleged account was not dated, was without merit. It appears from the statement of account, which was a part of the petition, that the plaintiff sold to the defendants the articles referred to on "7-18-38." The ground of special demurrer, that there was no itemized statement of account set out, was likewise not meritorious. The account was itemized. The defendants further specially demurred on the ground that from the allegations of paragraph 2 of the petition, together with the itemized statement attached referred to, it appeared that paragraph 2 was "duplici-

tous, in that it joins an action ex contractu and an action ex delicto in one action." It was alleged in paragraph 2 that the defendants were indebted to the plaintiff in the sum of $404.25 "on an open account as hereinafter set forth," and in paragraph 3 it was alleged that the plaintiff sold and delivered to the defendants at their request certain merchandise amounting to $294.25. It is contended that the language in the statement attached to the petition, "charges for damages to equipment while consigned to you . . $110," refers to damages ex delicto, and that the other items of such statement refer to sums alleged to be due ex contractu. It was alleged that the defendants were due the plaintiff $404.25 "on an open account." This item of $110, which it is contended by the defendants represented an indebtedness ex delicto, was included by the plaintiff within the $404.25 which was alleged to be due "on open account." This was equivalent to an allegation that all the items, including the $110 item, were due on open account, and therefore were due ex contractu. In 1 C. J. S. 574 it is stated that "an open account is one in which some item of contract is not settled by the parties." It appeared from the statement attached to the petition that this last item was a "charge" for damages to equipment while the equipment was "consigned" to the defendants. A consignment, as respects the equipment, implies that it was a bailment, and that the defendant was the bailee. This implies a contract of bailment. Damages to equipment while consigned as a bailment are not necessarily damages ex delicto. They could arise ex contractu out of a breach by the defendant of the contract of bailment. *Chappell* v. *Western Railway of Alabama*, 8 *Ga. App.* 787 (70 S. E. 208). An allegation that this item was a charge for damage while consigned, and was due on open account, was an allegation that the alleged indebtedness arose ex contractu. Furthermore, the item sued for was not for damages to the equipment. but it was for "charges" for damages to the equipment while under consignment. This implies that some estimation or ascertainment of the damage had been determined or liquidated before the suit An obligation to pay such charge is one ex contractu. Since the obligation represented in this item, viz., charges for damage to equipment, was designated by the plaintiff as arising on "open account," this was an allegation that the obligation arose ex contractu. This item was not specifically attacked by special demurrer

as insufficient to show an obligation ex contractu. It was accepted at its face value by the demurrant.

The petition was not subject to demurrer on the ground of a misjoinder of ex delicto and ex contractu causes of action. It set out a cause of action, and was good against general demurrer and all the special demurrers. The court having erred in sustaining the demurrer to the petition and dismissing the action, the subsequent proceedings resulting in a verdict and judgment for the defendants on the cross-action were nugatory.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents.*